A04A0633. BYNUM v. FULTON-DeKALB HOSPITAL
AUTHORITY.
(600 SE2d 623)

MIKELL, Judge.

Waddell Bynum appeals from the trial court's order dismissing his complaint due to the expiration of the statute of limitation. We affirm.

Bynum, proceeding pro se, filed a complaint against Grady Memorial Hospital on December 31, 2002, based on an incident that allegedly occurred during his hospitalization seven years earlier. Bynum contended that on December 13, 1995, a male nurse struck him in the side and pushed him down on the bed, causing Bynum to bump his head. He demanded $600,000 in damages. In an amended complaint, Bynum alleged that the nurse's actions rendered him unconscious for several hours. The hospital filed a motion to dismiss

the action, arguing that it was barred by OCGA § 9-3-33, which requires that actions for injuries to the person be brought within two years after the right of action accrues. The trial court granted the motion.

On appeal, Bynum apparently complains that the trial court erred, but his appellate brief contains no reasoned argument or citation to authority, in violation of Court of Appeals Rule 27 (c) (2). Bynum's sole argument challenging the trial court's decision as to the statute of limitation is as follows: "THE APPEAL IS BEING RAISED ON THE BELIEF THAT THE CRIMINAL VIOLATIONS AND THE FACT OF UNCERTAINTY STABILITY ARE IN FACT ONCE ONE THESE SITUATIONS HAPPENS WHICH SOMETIMES TOLLS THE STATUTE OF LIMITATIONS." Regardless of this statement, Bynum's appeal is meritless because his complaint fails to allege any facts that would permit tolling of the statute of limitation.[1] Even if the incident occurred as he described in 1995, Bynum admits that he suffered "discomfort" and was aware that he sustained injuries at that time. Accordingly, Bynum's cause of action accrued in 1995, and his suit is time-barred.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 13, 2004 —
RECONSIDERATION DENIED JUNE 17, 2004 — ■

Waddell Bynum, *pro se.*
*Deirdre Wolff,* for appellee.

---

[1] See generally *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981).