STATE v. HIGH

[230 N.C. App. 330 (2013)]

━━━━━━━━

STATE OF NORTH CAROLINA
v.
ETHAN MILES HIGH, Defendant

No. COA12-1549

Filed 5 November 2013

**Probation and Parole—lack of jurisdiction—judgment arrested— order vacated**

The trial court lacked jurisdiction to extend defendant's period of probation. Judgment was arrested and the order modifying probation and imposing sentence was vacated.

Appeal by defendant from judgments entered 6 August 2012 by Judge Benjamin G. Alford in New Hanover County Superior Court. Heard in the Court of Appeals 14 August 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Jason R. Rosser, for the State.*

*Assistant Public Defender Brendan O'Donnell, for defendant-appellant.*

BRYANT, Judge.

Where the trial court lacked jurisdiction to extend defendant's period of probation, we arrest judgment and vacate the order modifying probation and imposing sentence.

On 21 July 2008, defendant pled guilty to six counts of breaking or entering a motor vehicle and, in a consolidated judgment, was sentenced to two consecutive terms of six to eight months each. Both sentences were then suspended, resulting in a split sentence of thirty days imprisonment followed by 24 months of supervised probation. Defendant's probation expiration date was 20 July 2010.  .

On 1 March 2010, defendant's probation officer prepared two probation violation reports. The first report alleged defendant violated curfew twelve times within three months, tested positive for cocaine after taking a court-ordered drug test, had been found guilty of possession of marijuana and underage drinking on 18 July 2009, and was in arrears for court costs and restitution. The second report repeated all the allegations of the first report and in addition, alleged that defendant failed to complete community service and was in arrears on payment of probation supervision fees. Both reports were signed and dated 1 March 2010 by the probation officer and Deputy Clerk of Superior Court; however, neither report bore a time stamp with the date of filing.[1] On 20 September 2010, the trial court, based on the 1 March 2010 reports, found that defendant had violated his probation. Defendant's probation period was modified and extended by an additional 24 months.

On 22 June 2011, defendant's probation officer filed two new probation violation reports in the office of the Clerk of Superior Court. Each report alleged defendant failed to report for scheduled office appointments, was in arrears, and had absconded supervision.

On 3 August 2011, the trial court modified defendant's probation according to the 22 June 2011 probation violation reports. Defendant was ordered to pay $130 and $20 per month, per judgment, respectively. Defendant was also ordered to serve thirty days in jail, which could be served on the weekends at the probation officer's discretion.

On 9 March 2012, defendant's probation officer again filed in the office of the Clerk of Superior Court two probation violation reports. Each report alleged defendant was in arrears, had absconded supervision, and had four charges pending against him.

---

1. Both reports bear defendant's signature, dated 18 March 2010, acknowledging receipt and understanding of the violation reports and the directive to appear in court. The hearing date on the forms is 29 March 2010.

Defendant's probation violation hearing was held on 6 August 2012 in New Hanover County Superior Court. As defendant was incarcerated at the time of the hearing, he appeared via video for his first appearance. When the trial court asked whether defendant wanted an attorney, defendant responded that he "believed I have a lawyer for the case." The trial court found that public defender Walter Smith had been appointed to represent defendant on separate charges, and ordered Smith to be re-appointed for the pending violations. Defendant then stated that if he "didn't have one [a lawyer], I would just waive my right." The trial court then accepted defendant's sworn written waiver of counsel.

After waiving counsel defendant admitted to violating his probation by absconding to Florida after being evicted from his home. The trial court revoked defendant's probation due to his admissions and activated his sentences. Defendant then questioned the trial court as to what the activating of his sentences meant. The trial court responded "[t]hat means your probation's been revoked and your active sentence has been invoked in the Department of Correction[] . . . ." Defendant then asked the trial court if his sentences could "ran [sic] consecutive," which was denied.[2]

Defendant wrote a note from jail stating that he wished to appeal his case:

> yes my name is Ethan M. High and I wish to file for appeal for my felony probation case I was just sentenced to. In Supreme Court. [sic] My sentence was two 6-8 suspended sentences.

This note was dated 6 August 2012 and was filed with the New Hanover County Superior Court on 8 August 2012. Appellate counsel was thereafter appointed to represent defendant. However, recognizing that his note does not comply with the Rules of Appellate procedure governing notices of appeal and court designation, defendant has filed and served a petition for a writ of certiorari with his brief.

---

Under the North Carolina Rules of Appellate Procedure,

> [t]he writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of

---

2. The trial court acknowledged and sought to clarify defendant's request before denying it: "[t]hat's what the judge that sentenced you—you're asking if you can run it concurrently, and I do not do that because to do so would be to reward bad behavior. That's the judgment of the Court."

> the judgments and orders of trial tribunals when the right
> to prosecute an appeal has been lost by failure to take
> timely action, or when no right of appeal from an inter-
> locutory order exists, or for review pursuant to N.C.G.S.
> § 15A-1422(c)(3) of an order of the trial court denying a
> motion for appropriate relief.

N.C.R. App. P. 21(a)(3) (2013).

Defendant made a handwritten statement on 8 August 2012 without the assistance of counsel, stating:

> yes my name is Ethan M. High and I wish to file for
> appeal for my felony probation case I was just sentenced
> to. In Supreme Court. [sic] My sentence was two 6-8
> suspended sentences.

Defendant's statement, purporting to be a notice of appeal, does not meet the requirements of Rule 4 of the Rules of Appellate Procedure for an appeal in a criminal case.

> (a) Any party entitled by law to appeal from a judgment or
> order of a superior or district court rendered in a criminal
> action may take appeal by
>
>   (1) giving oral notice of appeal at trial, or
>
>   (2) filing notice of appeal with the clerk of superior
> court and serving copies thereof upon all adverse parties
> within fourteen days . . . .
>
> (b) The notice of appeal required to be filed and served
> . . . shall designate the . . . court to which appeal
> is taken . . . .

N.C.R. App. P. 4(a-b) (2013).

Here, defendant's notice of appeal was timely but lacked both proper notice and court designation. Defendant acknowledges that these required elements were omitted, but points to his lack of counsel. Defendant requests that his petition for writ of certiorari be granted because of his good faith efforts in making a timely appeal and because his appeal has merit. We agree and grant defendant's petition for writ of certiorari.

---

On appeal, defendant raises the following issues: (I) whether the trial court had subject matter jurisdiction to revoke defendant's probation;

and (II) whether defendant's waiver of the right to counsel was knowing and voluntary or in compliance with N.C. Gen. Stat. § 15A-1242.

*I.*

Defendant first argues that the trial court did not have subject matter jurisdiction to revoke his probation. Specifically, defendant contends that the trial court erred in entering an order of revocation and extending defendant's probation after the expiration of his original probation period in violation of N.C. Gen. Stat. § 15A-1344(f). We agree.

A claim that the trial court lacks subject matter jurisdiction presents a question of law which is reviewed *de novo. State v. Satanek*, 190 N.C. App. 653, 656, 600 S.E.2d 623, 625 (2008). An appellate court conducts a statutory analysis when determining whether a trial court has subject matter jurisdiction in a probation revocation hearing and thus conducts a *de novo* review. *Id.* at 656, 600 S.E.2d at 625. The issue of a court's jurisdiction over a matter may be raised at any time, even on appeal or by a court *sua sponte. State v. Gorman*, ___ N.C. App. ___, ___, 727 S.E.2d 731, 733 (2012).

Here, in the judgment appealed, the trial court extended defendant's probation period pursuant to N.C.G.S. § 15A-1344(f):

> (f) The court may extend, modify, or revoke probation after the expiration of the period of probation if all of the following apply:
>
> (1) Before the expiration of the period of probation the State has *filed a written violation report with the clerk* indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
>
> (2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.
>
> (3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.
>
> (4) If the court opts to extend the period of probation, the court may extend the period of probation up to the maximum allowed under G.S. 15A-1342(a).

N.C.G.S. § 15A-1344(f) (2011) (emphasis added).

> When a sentence has been suspended and defendant placed on probation on certain named conditions, the

court may, *at any time during the period of probation,* require defendant to appear before it, inquire into alleged violations of the conditions, and, if found to be true, place the suspended sentence into effect [pursuant to] ˙G.S. 15A-1344(d) (Supp. 1979). But the State may not do so *after the expiration of the period of probation* except as provided in G.S. 15A-1344(f).

*State v. Hicks,* 148 N.C. App. 203, 204-05, 557 S.E.2d 594, 595 (2001) (citations omitted).

Defendant's period of probation was extended by the trial court on 20 September 2010, after the original period expired on 20 June 2010. The State argues that the language of N.C.G.S. § 15A-1344(f) has been met because N.C. Gen. Stat. § 15A-101.1(7)(a) does not require a file stamp to establish the filing date of a document such as a probation report:

(7) "Filing" or "filed" means:

a. When the document is in paper form, delivering the original document to the office where the document is to be filed. Filing is complete when the original document is received in the office where the document is to be filed.

N.C.G.S. § 15A-101.1(7)(a) (2011). The State further argues that a time stamp is not necessary to establish a time of filing because this requirement, as stated in *State v. Moore,* 148 N.C. App. 568, 559 S.E.2d 565 (2002), has been supplanted by N.C.G.S. § 15A-101.1(7)(a). We disagree.

In *State v. Moore,* defendant was charged with violating her probation and ordered to continue on probation and serve a split sentence of 120 days incarceration. *Moore,* 148 N.C. App. at 569, 559 S.E.2d at 566. Defendant appealed, arguing that the trial court lacked jurisdiction because the probation violation reports upon which the trial court relied lacked time stamps showing that the time and date of filing was within defendant's original period of probation. *Id.* This Court held that the State failed to meet its burden in showing that the extension of defendant's probation period was timely filed.

In a criminal case . . . North Carolina requires the State to prove jurisdiction beyond a reasonable doubt. *In the absence of a file stamped motion or any other evidence of the motion's timely filing as required by N.C.G.S. § 15A-1344(f)(1) the trial court is without jurisdiction.* On appeal, when the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the

> appellate court is to arrest judgment or vacate any order
> entered without authority.

*Id.* at 570, 559 S.E.2d at 566 (emphasis added) (citations and internal quotation omitted).

The State argues that the *signature* and *date* of the Clerk of Superior Court on the probation reports should be considered as "any other evidence" of filing. However, because the signature and date on the March 2010 violation reports (the reports critical to defendant's appeal) do not bear the file stamp, and the subsequent violation reports bear a file stamp on the same date as the signature and notarization of the Clerk of Superior Court, what the State urges as "any other evidence" constitutes a lack of evidence of filing. Therefore, even assuming we viewed the signature and date of the Deputy Clerk of Superior Court on the reports to be some evidence of filing, it is not sufficient to meet the jurisdictional requirement. Under these facts, the lack of a file stamp on the March 2010 reports was fatal to jurisdiction.

Moreover, our Court recently found a lack of jurisdiction due to the absence of a filing stamp on a probation violation report in *State v. Mullet*, NO. COA12-862, 2013 N.C. App. LEXIS 38 (N.C. App. 2013).[3] In *Mullet*, defendant appealed from judgments revoking his probation on grounds that the trial court lacked subject matter jurisdiction to revoke his probation after the probationary period had expired. *Id.* This Court agreed with defendant.

> In this case, the State has failed to prove the trial
> court's jurisdiction beyond a reasonable doubt. Section
> 15A-1344(f)(1) requires that the violation reports must be
> *filed* before the period of probation expires. Although the
> violation reports in this case are signed by the probation
> officer, a deputy clerk of court, and defendant, none of
> those signatures verify that the reports were timely filed.
> The reports are not file stamped, nor is there other evi-
> dence in the record indicating that the reports were actu-
> ally filed within the period of probation. Without a file
> stamp, or other evidence beyond a reasonable doubt that
> the reports were timely filed, the trial court lacked juris-
> diction to revoke defendant's probation. Accordingly, we
> vacate the judgments revoking defendant's probation.

---

3. We note that while *Mullet* is an unpublished opinion by this Court, *Mullet* is on point with the facts in the instant case.

*Id.* at \*3-4 (citation omitted). Consequently, we hold that the State failed to satisfy the requirements of N.C.G.S. § 15A-1344(f) and that the trial court lacked jurisdiction over defendant.

In light of our conclusion, other arguments on appeal need not be reached. Accordingly, the trial court's judgment that defendant violated terms of his probation is arrested and the order modifying the terms of his probation and sentencing is vacated.

Judgment arrested and sentences vacated.

Judges STEPHENS and DILLON concur.