CALABRIA, Judge.
*111 Jermel Toron Krider ("defendant") appeals from the trial court's judgment revoking his probation and activating his suspended sentence. After careful review, we conclude that the State presented insufficient evidence to support a finding of willful absconding pursuant to N.C. Gen. Stat. § 15A-1343(b)(3a) (2017). As a result, the trial court lacked jurisdiction to revoke defendant's probation after his probationary term expired. Accordingly, we vacate the trial court's judgment revoking defendant's probation.
*112 I. Background
On 2 April 2015, defendant pleaded guilty to possession of cocaine in Iredell County District Court. The district court, having jurisdiction to accept his guilty plea to a Class I felony, sentenced defendant to 6-17 months in the custody of the North Carolina Division of Adult Correction, suspended his sentence, and placed defendant on 12 months of supervised probation. As a term of his probation, defendant was ordered to obtain substance abuse treatment, in addition to complying with all of the regular conditions of probation pursuant to N.C. Gen. Stat. § 15A-1343(b).
On 14 December 2015, defendant's probation officer ("Officer Thomas") visited his reported address. However, defendant was not present, and an unidentified woman advised Officer Thomas that "he didn't live there." As a result, on 21 December 2015, Officer Thomas filed a report alleging that defendant had willfully violated his probation by: (1) absconding on 14 December 2015; (2) testing positive for marijuana on 18 August 2015; (3) failing to report to his probation officer on 4 November 2015; (4)-(5) being in arrears as to his case and supervision fees; and (6) failing to obtain court-ordered substance abuse treatment. An arrest warrant was issued based on the absconding allegation. On 4 February 2016, defendant was arrested for violating his probation. Officer Thomas continued to supervise defendant until his probation expired on 2 April 2016.
On 3 October 2016, a probation violation hearing was held in Iredell County Superior Court. Defendant denied the alleged violations, contending that he "substantially complied with [the] terms of his probation." However, Officer Thomas recommended revocation, "[b]ecause he absconded probation and his whereabouts were unknown for two months." Following testimony from both parties, the trial court found that defendant willfully violated the conditions alleged, revoked his probation, and activated his suspended sentence. Defendant appeals.
II. Analysis
On appeal, defendant contends that the trial court erred by revoking his probation based on its finding that he willfully absconded from supervision. We agree.
A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without *113 lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion.
State v. Young , 190 N.C.App. 458, 459, 660 S.E.2d 574, 576 (2008) (citations and quotation marks omitted). However, "when a trial court's determination relies on statutory interpretation, our review is de novo because those matters of statutory interpretation necessarily present questions of law." State v. Johnson , 246 N.C.App. 139, 142, 783 S.E.2d 21, 24 (2016) (citation and quotation marks omitted).
Once a defendant's probationary term expires, the trial court must comply with N.C. Gen. Stat. § 15A-1344(f) in order to "extend, modify, or revoke" the defendant's *830 probation. The statute provides, in pertinent part:
The court may extend, modify, or revoke probation after the expiration of the period of probation if all of the following apply:
(1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
(2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.
(3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.
N.C. Gen. Stat. § 15A-1344(f)(1)-(3). This statute is jurisdictional. See State v. Moore , 240 N.C.App. 461, 463, 771 S.E.2d 766, 767 (2015) (explaining that "other than as provided in N.C. Gen. Stat. § 15A-1344(f), a trial court lacks jurisdiction to revoke a defendant's probation after the expiration of the probationary term"); State v. High , 230 N.C.App. 330, 337, 750 S.E.2d 9, 14 (2013) (holding that the trial court lacked jurisdiction over the defendant because the State's violation reports did not bear a time stamp evincing that they were filed within the probationary period).
Furthermore, for violations occurring on or after 1 December 2011, the trial court may only revoke a defendant's probation where the *114 defendant (1) commits a new criminal offense in violation of N.C. Gen. Stat. § 15A-1343(b)(1) ; (2) absconds "by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer," in violation of N.C. Gen. Stat. § 15A-1343(b)(3a) ; or (3) violates any condition after previously serving two periods of confinement in response to violations ("CRV") pursuant to N.C. Gen. Stat. § 15A-1344(d2). N.C. Gen. Stat. § 15A-1344(a). For all other violations, the trial court may either modify the conditions of the defendant's probation or impose a 90-day period of CRV. Id.
In the instant case, defendant's probation expired on 2 April 2016. The violation hearing was held more than six months later, on 3 October 2016. However, on 21 December 2015, the State filed a written report alleging six violations of defendant's probation. Therefore, the State timely "indicat[ed] its intent to conduct a hearing on one or more violations" of defendant's probation, as required by N.C. Gen. Stat. § 15A-1344(f)(1). The violation report indicated that defendant had not previously served any periods of CRV as allowed by N.C. Gen. Stat. § 15A-1344(d2), and the State did not allege that defendant committed a new criminal offense in violation of N.C. Gen. Stat. § 15A-1343(b)(1). Accordingly, pursuant to N.C. Gen. Stat. § 15A-1344(a), the trial court was only authorized to revoke defendant's probation for a violation of N.C. Gen. Stat. § 15A-1343(b)(3a).
The State alleged the following with regard to absconding:
*115 1. Regular Condition of Probation: "Not to abscond, by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the supervising probation officer" in that, THE DEFENDANT ABSCONDED SUPERVISION ON 12/14/15 BY MAKING HIS WHEREABOUTS UNKNOWN TO THIS OFFICER. ON OR ABOUT 12/14/15, THE OFFICER WAS ADVISED THAT THE OFFENDER DID NO LONGER RESIDE AT THE RESIDENCE GIVEN. THE DEFENDANT HAS ... AVOIDED SUPERVISION AND MADE HIMSELF UNAVAILABLE FOR SUPERVISION; THEREFORE ABSCONDING SUPERVISION.
The State's allegations and supporting evidence are very similar to that which we rejected in State v. Williams , 243 N.C.App. 198, 776 S.E.2d 741 (2015). In Williams , the State filed a report alleging that the defendant had violated seven conditions of his probation, including:
1. Regular Condition of Probation: "Not to abscond, by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the *831 supervising probation officer" in that, THE DEFENDANT IS NOT REPORTING AS INSTRUCTED OR PROVIDING THE PROBATION OFFICER WITH A VALID ADDRESS AT THIS TIME. THE DEFENDANT IS ALSO LEAVING THE STATE WITHOUT PERMISSION. DUE TO THE DEFENDANT KNOWINGLY AVOIDING THE PROBATION OFFICER AND NOT MAKING HIS TRUE WHEREABOUTS KNOWN THE DEFENDANT HAS ABSCONDED SUPERVISION.
243 N.C.App. at 200-01, 776 S.E.2d at 743. In support of this allegation, the probation officer testified that when she visited the defendant's residence, a woman informed her that the defendant had "never really lived at the address." Id. at 198, 776 S.E.2d at 742. In addition, the officer testified that the defendant had failed to attend multiple scheduled appointments; was traveling "back and forth from North Carolina to New Jersey" without permission; and "wasn't making himself available for supervision," although the officer acknowledged that she had phone contact with the defendant during his unauthorized trips to New Jersey. Id. at 198-99, 776 S.E.2d at 742.
On appeal, we held that the evidence was insufficient to support a finding of willful absconding under N.C. Gen. Stat. § 15A-1343(b)(3a) and reversed the revocation of the defendant's probation. Id. at 205, 776 S.E.2d at 746. While "[t]he evidence was clearly sufficient to find violations of N.C. Gen. Stat. §§ 15A-1343(b)(2) and (3), ... N.C. Gen. Stat. § 15A-1344(a) does not authorize revocation based upon violations of those conditions," unless the requirements of N.C. Gen. Stat. § 15A-1344(d2) have been met. Id. ; see also N.C. Gen. Stat. §§ 15A-1343(b)(2)-(3) (requiring, as regular conditions of probation, that a defendant must "[r]emain within the jurisdiction of the court unless granted written permission to leave" and "[r]eport as directed ... to the officer at reasonable times and places and in a reasonable manner, permit the officer to visit him at reasonable times, answer all reasonable inquiries by the officer and obtain prior approval from the officer for, and notify the officer of, any change in address or employment").
Officer Thomas experienced a situation that was similar to the officer in Williams . Officer Thomas testified that when he visited defendant's reported address on 14 December 2015, an "elderly black female" informed him that defendant "didn't live there." Cf.
*116 Williams , 243 N.C.App. at 198, 776 S.E.2d at 742. The State failed to present evidence regarding the identity of the person who greeted Officer Thomas, or her relationship to defendant. However, Officer Thomas testified that after speaking with her, he never attempted to contact defendant again, "[b]ecause when we w[ere] told ... that he didn't live at the residence, no reason for us to go back out there." Nevertheless, Officer Thomas also testified that when defendant contacted him following his absconding arrest, he met defendant "at the residence." Officer Thomas subsequently had "regular contact" with defendant until his case expired on 2 April 2016. During that time, defendant completed substance abuse treatment, held seasonal employment, and made payments toward his arrears.
"Under this Court's precedents, [defendant's] actions, while clearly a violation of N.C. Gen. Stat. § 15A-1343(b)(3), ... do not rise to 'absconding supervision' in violation of N.C. Gen. Stat. § 15A-1343(b)(3a)." Johnson , 246 N.C.App. at 143, 783 S.E.2d at 25. We are unable to meaningfully distinguish this case from Williams , and we are bound by our Court's decision. In re Appeal from Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").
The dissent contends that the instant case is analogous to State v. Trent , --- N.C.App. ----, 803 S.E.2d 224, temp. stay allowed , --- N.C. ----, 802 S.E.2d 725 (2017). As in this case, the Trent defendant was not at home when his supervising officer made an unscheduled visit on 24 April 2016. --- N.C.App. at ----, 803 S.E.2d at 226. However, the defendant's *832 "very upset" wife told the officer that the defendant had taken her car and bank card without permission when he left the residence the previous day. Id. According to the defendant's wife, "it was [his] 'normal pattern ... to go out and be gone for days on drugs.' " Id. "These allegations prompted [the officer's] second unscheduled visit less than two weeks later[,]" on 5 May 2016. Id. at ----, 803 S.E.2d at 231. Since the defendant still had not returned and his wife "did not know where he was[,]" the officer filed violation reports for absconding. Id.
At the violation hearing, the defendant testified that contrary to his wife's allegations, he was actually in Raleigh on an eight-day painting job during the officer's visits to his residence. Id. at ----, 803 S.E.2d at 230. Nevertheless, the defendant admitted that "[e]ven after learning about [the officer's] unscheduled visits during his travels, [he] still did not contact her to correct any allegedly inaccurate information that [his wife] may have communicated." Id. at ----, 803 S.E.2d at 232. Instead, the *117 defendant "went to stay at his mother's house 'for a couple days' until he was arrested in Greensboro on 9 May 2016." Id.
The instant case is distinguishable from Trent , where the probation officer gleaned information about the defendant's whereabouts from his wife . Here, Officer Thomas testified only that he spoke with an "elderly black female" at defendant's reported address. The State failed to establish the woman's identity, or whether she even lived at the residence. Furthermore, unlike in Trent , Officer Thomas did not revisit defendant's residence or otherwise attempt to verify the unidentified woman's allegations. Contra id. at ----, 803 S.E.2d at 231.
The dissent contends that "[a]s in Trent , through the exercise of logic and reason, the trial court could have considered [d]efendant was not in contact with his probation officer for two months" in finding that he absconded from supervision. (Murphy, J., dissenting , at 834). However, unlike Trent , there was no evidence that defendant was even aware of Officer Thomas's unannounced visit until after his arrest. Contra id. at 834, 803 S.E.2d at 232. A trial court may only revoke probation where the defendant "abscond[s] by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising officer[.]" N.C. Gen. Stat. § 15A-1343(b)(3a) (emphasis added). Here, there was no evidence of willfulness.
Moreover, at the violation hearing, defendant testified that he attempted to contact Officer Thomas "[p]lenty of times":
[DEFENDANT:] I called, called in the morning, I'm coming-notified to come. I called. He never in his office. Ring, ring. He never answer. I leave voice mail, call. He never answer or call me back.
[DEFENSE COUNSEL:] Okay.
A. I come by a few times and never-he never there. A few times I came but never signed my name on the line that was on my behalf, but rest of the times I come and call, he never there. I ain't never heard from him.
Although the State argues on appeal that defendant's testimony was "not credible," at the hearing, the State failed to cross-examine defendant or to impeach his testimony by recalling Officer Thomas to the witness stand. Cf. Trent , --- N.C.App. at ----, 803 S.E.2d at 231 ("Despite defendant's accusation that [his wife] misinformed [his probation officer] in his absence, during cross-examination by the State, defendant admitted that he failed to contact [the officer] even after he returned from Raleigh[.]").
*118 We agree with the dissent that the State is never required to cross-examine a defendant, and that "the demeanor of the witness on the stand is always in evidence." (Dissent at ----). Nevertheless, despite the "informal or summary" nature of probation hearings, the State bears the burden of presenting sufficient evidence "to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation." State v. Murchison , 367 N.C. 461, 464, 758 S.E.2d 356, 358 (2014). In the instant case, the State failed to carry its burden. Williams , not Trent , is controlling here. As in Williams , we conclude that the evidence in this case does not support a violation of *833 N.C. Gen. Stat. § 15A-1343(b)(3a). 243 N.C.App. at 205, 776 S.E.2d at 746 ; accord State v. Brown , --- N.C.App. ----, 791 S.E.2d 662 (2016) (unpublished).
Here, however, the trial court's decision was not only an abuse of discretion but also an error that deprived the court of jurisdiction to revoke defendant's probation. The violation hearing was conducted after defendant's case expired, and "other than as provided in N.C. Gen. Stat. § 15A-1344(f), a trial court lacks jurisdiction to revoke a defendant's probation after the expiration of the probationary term." Moore , 240 N.C.App. at 463, 771 S.E.2d at 767. Before defendant's probation expired, the State filed a written report alleging violations of six conditions of defendant's probation. N.C. Gen. Stat. § 15A-1344(f)(1). However, of the six violations alleged, the trial court was only authorized to revoke defendant's probation for absconding. N.C. Gen. Stat. § 15A-1344(a). Since the State's evidence was insufficient to support that allegation, we conclude that the trial court lacked jurisdiction to revoke defendant's probation after his case expired.
"Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." State v. Gorman , 221 N.C.App. 330, 333, 727 S.E.2d 731, 733 (2012) (citation and quotation marks omitted). "If the court was without authority, its judgment ... is void and of no effect." Id. Therefore, we vacate the trial court's judgment revoking defendant's probation.
VACATED.
Judge ZACHARY concurs.
Judge MURPHY dissents in a separate opinion.