IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-418

Filed: 5 May 2020

Gaston County, No. 16 CRS 64078

STATE OF NORTH CAROLINA

v.

CLINTON D. RUCKER

Appeal by defendant from judgment entered 1 November 2018 by Judge Forrest D. Bridges in Gaston County Superior Court. Heard in the Court of Appeals 4 December 2019.

*Attorney General Joshua H. Stein, by Assistant Attorney General Carole Biggers, for the State.*

*Gilda C. Rodriguez for defendant-appellant.*

BRYANT, Judge.

Where the trial court properly found that defendant willfully absconded, the trial court did not abuse its discretion in revoking defendant's supervised probation. Where there exists a clerical error on the judgment form, we remand the case to the trial court to correct the clerical error.

On 5 July 2017, defendant Clinton D. Rucker appeared before Gaston County Superior Court and pled guilty to one count of possession of methamphetamine and two counts of possession of drug paraphernalia. The trial court accepted defendant's plea, suspended his active term of imprisonment, and ordered supervised probation

for 24 months. Defendant was ordered to report to the Gaston County Probation Office, and Officer Jones was assigned to be his probation officer. Over the course of Officer Jones's supervision of defendant, she filed two violation reports: one on 14 September 2017 and one on 14 June 2018. On 1 November 2018, defendant's probation violation hearing was held for both reports. The State's evidence, offered through the testimony of Officer Jones, tended to show the following.

On 5 July 2017, defendant was placed on probation and arrived at the Gaston County Probation Office to meet with an intake officer. During intake, defendant provided his contact information—a phone number and residential address at 1837 Amy Drive, Lincolnton, North Carolina, located in Lincoln County (hereinafter "Amy Drive address"). A courtesy transfer was submitted to Lincoln County, at defendant's request, to oversee defendant's supervision based on the address he provided. Defendant was told to report to Officer Jones until the transfer request was approved by Lincoln County. Defendant did not report back.

About two weeks later, a Lincoln County probation officer performed a home visit at the Amy Drive address to verify that defendant was living in Lincoln County. Defendant was not at the address. A friend of defendant's fiancée answered the door and informed the officer that defendant was not staying at the residence because he had been arrested following an altercation with his fiancée. The officer called the

Lincoln County jail and confirmed that defendant was in custody for assault on a female. Defendant's transfer request was not accepted by Lincoln County.

On 31 July 2017, more than three weeks after defendant was placed on probation, defendant contacted Officer Jones by telephone. This was the first time defendant had spoken to Officer Jones. Defendant told her that he was appealing the assault charge and that he was back living at the Amy Drive address in Lincoln County. Defendant indicated that he had a valid lease agreement showing proof of residence. A second transfer request was submitted to Lincoln County. Officer Jones instructed defendant that the request would take up to ten days but, in the meantime, to communicate with her. Officer Jones told defendant to call her on 3 August 2017 to discuss reporting instructions. Instead, defendant called Officer Jones the day before their scheduled phone call and left a voicemail.

Thereafter, five additional home visits were made by Lincoln County probation officers to verify defendant's residence at the Amy Drive address. Prior to a scheduled home visit, on 4 August 2017, Officer Jones spoke with defendant and notified him that a home visit would take place that morning. Officers went to the residence and no one answered the door. A door tag was left for defendant to call. The officers returned to the address four more times during August; each time was unsuccessful, as defendant was not present at the home. At the last home visit, an officer spoke with a man who stated that he was at the residence to help defendant move to another

residence. Defendant's second transfer request to Lincoln County was denied due to the inability of officers to verify that defendant lived at the Amy Drive address.

On 24 August 2017, Officer Jones called defendant to inform him that his transfer request to Lincoln County had been denied. Defendant was asked to provide his current address and, if he could not provide one, he would be deemed homeless. Defendant stated to Officer Jones that the information she had received regarding his living arrangements was inaccurate. Subsequently, Officer Jones offered to put an ankle monitor on defendant, but defendant declined and ended the call. Defendant did not report to Officer Jones's office that afternoon as instructed.

About a week later, Officer Jones attempted to contact defendant at two separate phone numbers that had been provided for him. Of the numbers provided, one was no longer in service. Officer Jones left a message at the other number. Defendant did not call back. Probation officers could not locate defendant or verify his address. Consequently, on 14 September 2017, Officer Jones filed a probation violation report alleging that defendant had willfully violated the following conditions of his probation:

> 1. Regular Condition of Probation: "Not to abscond, by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the supervising probation officer" in that, ON OR ABOUT 08/24/17 AND AFTER NUMEROUS ATTEMPTS TO CONTACT THE DEFENDANT, INCLUDING AT THE LAST KNOWN ADDRESS OF 1837 AMY DRIVE LINCOLNTON, NC 28092, THE SAID DEFENDANT

HAS REFUSED TO MAKE HIMSELF AVAILABLE FOR SUPERVISION AS INSTRUCTED BY THE PROBATION OFFICER, THEREBY ABSCONDING SUPERVISION.

2. "Report as directed by the Court, Commission or the supervising officer to the officer at reasonable times and places. . ." in that, ON OR ABOUT 07/05/17, THE DEFENDANT FAILED TO REPORT TO SUPERVISING OFFICER AS INSTRUCTED BY THE COURTS AFTER INTAKE. ON OR ABOUT 08/24/17, THE DEFEND[AN]T FAILED TO REPORT TO SUPERVISING OFFICER AS INSTRUCTED.

3. Condition of Probation: "The defendant shall pay to the Clerk of Superior Court the 'Total Amount Due' as directed by the Court or probation Officer" in that, AS OF THE DATE OF THIS REPORT, THE DEFENDANT HAS PAID $00.00 ON A TOTAL AMOUNT DUE OF $492.50 COURT INDEBTEDNESS. THE DEFENDANT HAS PAID $00.00 OF A TOTAL AMOUNT DUE OF $80.00 PSF. THE DEFENDANT HAS AN OUTSTANDING BALANCE OF $592.50 CI AND PSF.

4. General statute 15A-1343 (b)(1) "Commit no criminal offense in jurisdiction" in that, ON OR ABOUT 09/06/17, THE DEFENDANT WAS CHARGED WITH: FAILURE TO REDUCE SPEED, LINCOLN CO. CASE NO. 17CR704082, DWLR-NOT IMPAIRED REVOCATION, LINCOLN CO. CASE NO. 17CR704082, POSS/DISP/ALT/FIC REVD DR LIC, LINCOLN CO. CASE NO.17CR704083 THE DEFENDANT DID VIOLATE REGULAR CONDITIONS OF PROBATION G.S. 15A-1343(b)(1) IN THAT HE IS NOT TO COMMIT A CRIME IN ANY JURISDICITON.[1]

---

[1] On this record, defendant denied the first two violations at the probation violation hearing but admitted to the third violation in the original report. The State struck the fourth violation from

A warrant was later issued for defendant's arrest. On 6 October 2017, defendant was arrested based on the probation violation report filed by Officer Jones. A preliminary hearing on the violations was held on 23 October 2017. Defendant posted bond and was released from custody on 28 October 2017. While defendant was advised to report to Officer Jones within 24 hours of his release from custody, defendant failed to report as instructed.

On 1 November 2017, an unidentified woman contacted Officer Jones and told her defendant was trying to reach her. The woman provided Officer Jones with a phone number for defendant. Officer Jones contacted defendant and instructed him to report to her office. Soon thereafter, defendant met with Officer Jones for their first in-person meeting. Defendant told Officer Jones that he would be living with his father-in-law in Gaston County.

On 10 January 2018, Officer Jones attempted to conduct a home visit at the father-in-law's residence in Gaston County but defendant was not present. Two weeks later, Officer Jones conducted another home visit. Although defendant was present in the home, there appeared to be no personal items in the home that belonged to defendant.

---

the original report because the charges were unresolved. Thus, we consider and address only the first two allegations in the original report upon which defendant's probation could be revoked.

On 29 January 2018, defendant sent Officer Jones a copy of a lease agreement for a new address in Lincoln County. Officer Jones submitted a third transfer request from Gaston to Lincoln County. A home visit was conducted, and defendant was present. On 15 March 2018, the transfer request was accepted in Lincoln County, and defendant's case was reassigned to Lincoln County for supervision. Defendant provided a new phone number and reported to his scheduled appointments as directed.

On 6 May 2018, a Lincoln County probation officer attempted a home visit. Defendant was not home. The officer left a door tag instructing him to report to the office the following day. Defendant failed to report as instructed. The Lincoln County Probation Office conducted another home visit on 22 May 2018. Defendant was not home, but an eviction notice dated 18 May 2018 was attached to the door. Defendant did not notify the officer that he was getting evicted. The officer attempted to contact defendant using the numbers he had provided; however, those numbers were not in service.

On 31 May 2018, the officer returned to the home and left a door tag instructing him to report to the office next day. After defendant missed his appointment, his case was transferred back to Gaston County. On 14 June 2018, Officer Jones filed an addendum to the probation violation report alleging additional violations:

> 1. Regular Condition of Probation: General Statute 15A-1343(b)(3a) "Not to abscond, by willfully avoiding

supervision willfully making the supervisee's whereabouts unknown to the supervising probation officer" in that, ON OR ABOUT 5/22/2018, THE DEFENDANT LEFT HIS PLACE OF RESIDENCE AT 1655 KNOLL DRIVE, VALE, NC 28168 WITHOUT PRIOR APPROVAL OR KNOWLEDGE OF HIS PROBATION OFFICER AND FAILED TO MAKE HIS WHEREABOUTS KNOWN, MAKING HIMSELF UNAVAILABLE FOR SUPERVISION AND THEREBY ABSCONDING SUPERVISION. AS OF THE DATE OF THIS REPORT, THE DEFENDANT'S WHEREABOUTS ARE UNKNOWN AND ALL EFFORTS TO LOCATE HIM HAVE BEEN UNSUCCESSFULL.

2. "Report as directed by the Court, Commission or the supervising officer to the officer at reasonable times and places" in that, ON 5/7/18 AND 6/1/18, THE DEFENDANT FAILED TO REPORT TO SUPERVISING OFFICER AS INSTRUCTED. [2]

A warrant was issued for defendant's arrest based on the new violations. Defendant turned himself in on 9 August 2018.

At the close of the hearing, the trial court found that defendant violated his probation by absconding and ordered revocation of his probation. A Judgment and Commitment Upon Revocation of Probation Order was entered and defendant's sentence of imprisonment was activated. Defendant appeals.

---

[2] At the hearing, defendant denied both allegations in the addendum report.

On appeal, defendant raises two issues: I) the trial court abused its discretion by revoking defendant's probation after finding that defendant absconded supervision, and II) judgment upon revocation should be remanded to correct a clerical error.

*I*

First, defendant argues the trial court erred in revoking his probation based on its finding that he willfully absconded from supervision. We disagree.

A trial court's decision to revoke a defendant's probation is reviewed for an abuse of discretion. *See State v. Young,* 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) ("[T]he evidence [must] be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." (citation and quotation marks omitted)).

Pursuant to N.C. Gen. Stat. § 15A-1343 ("Conditions of probation"), regular conditions are placed on a defendant's probationary sentence, which requires, *inter alia*, that a defendant must "[n]ot abscond by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer, if the defendant is placed on supervised probation." N.C. Gen. Stat. § 15A-1343(b)(3a) (2019). By definition, a defendant "absconds" if he makes willful attempts

to conceal his whereabouts, and the probation officer is unable to contact the defendant as a result. *Id.* Upon notification that a defendant has willfully absconded, the trial court is authorized to revoke probation and impose a period of imprisonment in response to the violation. *See id.* § 15A-1344(a) ("The court may only revoke probation for a violation of a condition of probation under . . . G.S. 15A-1343(b)(3a) [stating that a defendant must not willfully abscond from supervision]").

In the instant case, the trial court, after considering all the evidence, found that defendant had absconded in violation of N.C.G.S. § 15A-1343(b)(3a). Defendant argues there was insufficient evidence that his actions were willful to constitute absconding as he neither avoided supervision nor made his whereabouts unknown to probation officers. In support of his argument, defendant cites to *State v. Williams*, 243 N.C. App. 198, 776 S.E.2d 741 (2015), and *State v. Krider,* 258 N.C. App. 111, 810 S.E.2d 828, *writ allowed*, 371 N.C. 114, 813 S.E.2d 248 (2018), *aff'd as modified*, 371 N.C. 466, 818 S.E.2d 102 (2018). However, *Williams* and *Krider* are inapposite to the facts in the instant case.

In *Williams*, this Court closely examined the statutory interpretation of "absconding" to revoke probation which, prior to the enactment of the Justice Reinvestment Act of 2011 ("JRA"), had not been defined by statute. 243 N.C. App. at 198, 776 S.E.2d at 741. The defendant was found to be an absconder after his probation officer discovered that the defendant had been traveling out-of-state

without permission. *Id*. at 198–99, 776 S.E.2d at 742. In addition, the defendant had missed his scheduled appointments with the probation officer. This Court reasoned that while the evidence established that the defendant violated regular conditions of his probation, the evidence could not satisfy N.C.G.S. § 15A-1343(b)(3a) for absconding because the officer was privy to the unauthorized trips. *Id*. at 204–05, 776 S.E.2d at 745–46. The officer could contact the defendant and did, in fact, communicate with him several times by phone. *Id*. Therefore, under the statute, defendant's whereabouts were known to the probation officer and this Court reversed the revocation of the defendant's probation.

Similarly, in *State v. Krider*, this Court found that the defendant's actions did not rise to the level of absconding as required to revoke probation. In *Krider*, a probation officer made an unscheduled visit to an address provided by the defendant. 258 N.C. App. at 112*,* 810 S.E.2d at 829. The defendant was not present at the home, and the officer was advised by an unidentified woman that the defendant "didn't live there." *Id*. The officer made no further attempts to contact the defendant and seven days later, filed a report alleging that the defendant had willfully absconded probation because his "whereabouts were unknown for two months." *Id*. This Court found that the State failed to demonstrate that the defendant's conduct was willful, where the probation officer filed a violation report after making only one visit to the defendant's listed residence and "there was no evidence that [the] defendant was even

aware of [the] unannounced visit until after his arrest." *Id*. at 117, 810 S.E.2d at 832. Additionally, following his arrest, the defendant met with the probation officer at the residence, maintained regular contact until the expiration of his probation period, and satisfied all other conditions of his probation. *Id*. at 116, 810 S.E.2d at 831. Therefore, this Court vacated the revocation of the defendant's probation.

Here, on these facts, it is significant that defendant's conduct was willful as he avoided probation officers for several months. From 5 July 2017 to 14 September 2017—the date of the first violation report—approximately six home visits were attempted by multiple probation officers to verify defendant's residence at the address he provided. Defendant was not present for any of the home visits. On two of those home visits, contrary to *Krider*, individuals who *knew* defendant informed the officers that defendant no longer lived at the residence or that he had plans to move from the residence. A door tag was left notifying defendant that the officers were attempting to locate him and even instructed defendant to report to the office. Defendant did not comply.

Despite being on notice to maintain regular contact with probation officers, neither Officer Jones nor any probation officer in Lincoln County had ever met defendant in person after his initial intake, prior to the filing of his first violation report. In fact, Officer Jones testified that she only spoke to defendant on three occasions: 31 July, 4 August, and 24 August. Of the few times that defendant could

be reached by phone, he was notified of a scheduled visit before they arrived. Not only was defendant absent from the home, but he also failed to keep Officer Jones apprised of his whereabouts. Due to difficulties ascertaining defendant's whereabouts, Officer Jones offered defendant an ankle monitor. Defendant declined just before abruptly ending the phone call, and thereafter, failing to report.

Unlike in *Williams* and *Krider*, we believe that defendant was properly found to have absconded because his whereabouts were truly unknown to probation officers. *See generally State v. Newsome*, ___ N.C. App. ___, 828 S.E.2d 495 (2019); *see also State v. Trent*, 254 N.C. App. 809, 803 S.E.2d 224 (2017) (finding there was sufficient evidence that the defendant had willfully absconded, and thereby, made his whereabouts unknown, as the probation officer had "absolutely no means" of contacting the defendant; the defendant did not wear a monitoring device; the defendant was not present during two unannounced visits at the reported address; and the defendant knew the probation officer had visited the residence while he was away but did not contact the officer when he returned).

Even after defendant was released from custody for parole violations relating to absconding, the record reveals that he was advised to report to Officer Jones within 24 hours. Defendant was on notice that he was considered to be an absconder and that officers were attempting to actively monitor his whereabouts. *See Newsome*, ___ N.C. App. at ___, 828 S.E.2d at 499. Notwithstanding defendant's responsibility to

comply with his probation terms, defendant failed to report to Officer Jones within the specified time as instructed. Additionally, when defendant's case was finally transferred to Lincoln County and he was instructed to report to that office, officers still had difficulty contacting him. Defendant also failed to notify officers upon getting evicted from his listed residence.

We find the State's allegations and supporting evidence—reflecting defendant's continuous, willful pattern of avoiding supervision and making his whereabouts unknown—sufficient to support the trial court's exercise of discretion in revoking defendant's probation for absconding. Moreover, "once the State presented competent evidence establishing defendant's failure to comply with the terms of his probation, the burden [is then] on defendant to demonstrate through competent evidence his inability to comply with those terms." *Trent,* 254 N.C. App. at 819, 803 S.E.2d at 231. While defendant contends that his employment—as a "self-employed" carpenter—affected his ability to comply with his probation supervision, we remain unpersuaded by his argument as defendant did not inform Officer Jones or any officer of his work commitments. Defendant even admitted at the hearing that he was "pretty much homeless" at one point; further supporting that he was aware that he could have obtained an ankle monitor but willfully avoided it.

Therefore, defendant's argument is overruled.

*II*

Also, defendant argues, and the State concedes, that his case should be remanded back to the trial court to correct a clerical error in the judgment. We agree.

"When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) (citation and quotation marks omitted).

Here, a review of the record reveals that defendant was present for his probation hearing and testified as a witness. Defendant denied the first two allegations listed in the original report and all the allegations in the addendum report. However, on the judgment form, the trial court checked the box stating: "the defendant waived a violation hearing and admitted that he/she violated each of the conditions of his/her probation as set forth below." Thus, it is clear the trial court committed a clerical error when it checked the box indicating otherwise.

Accordingly, we remand to allow the trial court to correct a clerical error as noted herein.

AFFIRMED IN PART; REMANDED IN PART.

Judges COLLINS and HAMPSON concur.