IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-146

No. COA20-689

Filed 20 April 2021

Bertie County, No. 19 CRS 50126

STATE OF NORTH CAROLINA,

v.

ERIC MYRICK, Defendant.

Appeal by Defendant from order entered 31 July 2019 by Judge J. Carlton Cole in Bertie County Superior Court. Heard in the Court of Appeals 23 March 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L. Hyde, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender James R. Grant, for Defendant.*

GRIFFIN, Judge.

Defendant Eric Myrick ("Defendant") appeals from an order finding him not guilty by reason of insanity ("NGRI") and involuntarily committing him to Central Regional Hospital. Defendant argues that the trial court erred and violated his right to due process by finding him NGRI without determining whether he was capable to proceed. Upon review, we agree. We therefore vacate the order and remand for a determination of Defendant's capacity.

## I. Factual and Procedural Background

¶ 2        Defendant was arrested and charged for assault inflicting physical injury on a detention employee (a class I felony) in March 2019. Defendant's counsel filed a motion seeking an examination of Defendant's capacity to proceed. The trial court granted this motion on 3 April 2019. On 15 April 2019, a grand jury indicted Defendant for the charged assault.

¶ 3        Jill C. Volin, M.D., interviewed Defendant on 26 April 2019 and subsequently prepared a forensic evaluation of his capacity to proceed. Dr. Volin opined that Defendant was "incapable to proceed due to untreated psychosis." Dr. Volin described Defendant as "floridly psychotic . . . and manic" and characterized his responses as "a relentless string of disorganized and delusional statements." However, Dr. Volin opined that Defendant was "restorable" with treatment.

¶ 4        At the request of the prosecutor and Defendant's counsel, the trial court found Defendant NGRI and ordered that he be involuntarily committed to Central Regional Hospital. Defendant was not present for this court proceeding. The written order was filed on 31 July 2019. The trial court did not make a finding, either in court or in the written order, regarding Defendant's capacity to proceed.

¶ 5        Defendant gave *pro se* written notice of appeal on 1 April 2020, and the Office of the Appellate Defender was appointed to represent him. Because Defendant's appeal was untimely, he filed a Petition for Writ of Certiorari on 18 September 2020. On 25 September 2020, the State filed a response to the Petition for Writ of Certiorari

and a Motion to Dismiss Appeal. Defendant filed a Second Petition for Writ of Certiorari on 28 September 2020, which corrected the original Petition by including an addendum with a copy of the appealed order and other documents in the Record.

## II.    Analysis

### A. Appellate Jurisdiction

Pursuant to Rule 4(a) of the North Carolina Rules of Appellate Procedure, a defendant may appeal from a judgment or order in a criminal case by either "(1) giving oral notice of appeal at trial, or (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment or order." N.C. R. App. P. 4(a). "[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005) (citations omitted).

In this case, Defendant failed to comply with Rule 4's notice requirement, thereby depriving this Court of jurisdiction to hear his appeal as of right. *Id.* In acknowledgment of this error, however, Defendant has filed a Petition for Writ of Certiorari requesting discretionary review of his appeal. Appellate Rule 21(a) provides that this Court may issue a writ of certiorari "to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action . . . ." N.C. R. App. P. 21(a)(1). Although

Defendant's first Petition for Writ of Certiorari failed to include the order from which Defendant appeals, Defendant has filed a second Petition for Writ of Certiorari which corrected that error. *See* N.C. R. App. P. 21(c) (requiring a petition for writ of certiorari to include "certified copies of the judgment, order, or opinion or parts of the record which may be essential to an understanding of the matters set forth in the petition").

¶ 8        The State argues that the trial court's order was interlocutory. However, even assuming *arguendo* that the order was interlocutory, we may review an interlocutory criminal appeal "in the event that the defendant files a petition for writ of *certiorari*, where we can use our discretion to hear the merits of an otherwise barred case." *State v. Doss*, 268 N.C. App. 547, 550, 836 S.E.2d 856, 858 (2019) (citation omitted); N.C. R. App. P. 21(a)(1) (allowing this Court to issue writ of certiorari to permit review "when no right of appeal from an interlocutory order exists").

¶ 9        This Court has granted petitions for writ of certiorari where petitioners demonstrated "good faith efforts in making a timely appeal and because [the] appeal ha[d] merit." *State v. High*, 230 N.C. App. 330, 332-33, 750 S.E.2d 9, 12 (2013). "We therefore dismiss [his] appeal, exercise our discretion to grant Defendant's petition for writ of certiorari, and proceed to address the merits of [his] arguments." *State v. Holanek*, 242 N.C. App. 633, 640, 776 S.E.2d 225, 232 (2015) (citation omitted).

B.  <u>Standard of Review</u>

¶ 10     We review *de novo* alleged violations of statutes, *State v. Reeves*, 218 N.C. App. 570, 576, 721 S.E.2d 317, 322 (2012) (citation omitted), and constitutional rights, *State v. Graham*, 200 N.C. App. 204, 214, 683 S.E.2d 437, 444 (2009) (citation omitted). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citation and internal quotation marks omitted).

## C. NGRI Order Without Capacity Determination

¶ 11     The trial court held a hearing to determine Defendant's capacity to proceed but made no findings regarding whether Defendant was capable of proceeding. The trial court bypassed this necessary step and found Defendant NGRI. This error was contrary to statutory mandate, violated Defendant's right to due process, and prejudiced Defendant.

¶ 12     The Criminal Procedure Act provides, in pertinent part:

> No person may be tried, convicted, sentenced, or punished for a crime when by reason of mental illness or defect he is unable to understand the nature and object of the proceedings against him, to comprehend his own situation in reference to the proceedings, or to assist in his defense in a rational or reasonable manner.

N.C. Gen. Stat. § 15A-1001(a) (2019).

¶ 13     "When the capacity of the defendant to proceed is questioned, the court shall

hold a hearing to determine the defendant's capacity to proceed." N.C. Gen. Stat. § 15A-1002(b)(1) (2019). This hearing should take place after examination of the defendant, if the court ordered such an examination pursuant to §15A-1002(b)(1a) or (2). *Id.* "The order of the court shall contain findings of fact to support its determination of the defendant's capacity to proceed." N.C. Gen. Stat. § 15A-1002(b1). The parties may not stipulate that the defendant lacks capacity to proceed. *Id.* By failing to make a determination of Defendant's capacity (which had been questioned) and failing to make findings of fact to support that determination, the trial court acted contrary to statutory mandate.

¶ 14        Defendant's attorney lacked authority to enter a plea on Defendant's behalf. *See id.* (stating parties may not stipulate that a defendant lacks capacity to proceed); *see also State v. Payne*, 256 N.C. App. 572, 577-78, 808 S.E.2d 476, 480-81 (2017) (holding that trial court violated the defendant's constitutional right to assistance of counsel by allowing her attorney to pursue pre-trial determination of NGRI against the defendant's express wishes). An attorney's implied authority to make stipulations on behalf of her client is normally limited to procedural matters, and "in the absence of special authority, ordinarily a stipulation operating as a surrender of a substantial right of the client will not be upheld." *State v. Ali*, 329 N.C. 394, 403, 407 S.E.2d 183, 189 (1991) (citation omitted). The Record does not indicate that Defendant agreed to, or was even consulted about, a plea of NGRI.

¶ 15          The entry of a plea of NGRI, without a prior determination that Defendant was capable of proceeding, violated Defendant's right to due process. *See Medina v. California*, 505 U.S. 437, 448 (1992) ("[D]ue process considerations require suspension of the criminal trial until such time, if any, that the defendant regains the capacity to participate in his defense and understand the proceedings against him. The entry of a plea of not guilty by reason of insanity, by contrast, presupposes that the defendant is competent to stand trial and to enter a plea." (citations omitted)). Although this Court has not found a decision by this Court or our Supreme Court directly addressing this issue, other jurisdictions have held that accepting a NGRI plea from an incompetent defendant violates due process. *State ex rel. Kelly v. Inman*, ___ S.W.3d ___, ___, 2020 Mo. LEXIS 6, 2020 WL 203148 (Mo. 2020); *Thompson v. Crawford*, 479 So.2d 169, 180-81 (Fla. Dist. Ct. App. 1985). *See also White v. United States*, 470 F.2d 727, 728 (5th Cir. 1972) (holding that an incompetent defendant cannot enter a plea); *Coolbroth v. District Court of Seventeenth Judicial Dist.*, 766 P.2d 670, 671-72 (Colo. 1988) (holding that trying an incompetent defendant based on NGRI plea would violate due process); *State v. English*, 424 P.2d 601, 607-08 (Kan. 1967) ("[A]n insane person cannot be required to plead to a criminal charge and cannot be tried."); *State v. Champagne*, 497 A.2d 1242, 1247-48 (N.H. 1985) (noting that the same standard of competency applies to both ability to stand trial and ability to plead NGRI); *Commonwealth v. Harris*, 243 A.2d 408, 409 (Pa.

1968) (noting that a mentally incompetent person "should not be required to either stand trial or plead to a criminal indictment"); *State v. Smith*, 564 P.2d 1154, 1155 (Wash. 1977) (holding that a NGRI plea was invalid because the defendant was incompetent when plea was entered), *overruled on other grounds by State v. Jones*, 664 P.2d 1216 (Wash. 1983).

¶ 16    The trial court's error violated Defendant's right to due process and will prejudice him going forward.  As an insanity acquittee, Defendant bears the burden of proof at rehearing to demonstrate that he no longer has a mental illness.  N.C. Gen. Stat. § 122C-276.1(c) (2019).  Were he not an insanity acquittee, Defendant would not bear this burden of proof.  *See* N.C. Gen. Stat. § 122C-276 (2019) (describing rehearing process for respondents other than insanity acquittees).

¶ 17    A criminal defendant who lacks the capacity to proceed is entitled to have his charge dismissed without leave after being confined for the maximum length permissible as a prior record level IV offender.  N.C. Gen. Stat. § 15A-1008(a)(2), (b) (2019).  Here, Defendant has been confined since March 2019 on a class I felony charge, for which the maximum aggravated sentence at prior record level IV is twenty-one months.  N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2019).

### III.    Conclusion

¶ 18    For the foregoing reasons, we vacate the NGRI order and remand for a determination of Defendant's capacity to proceed.  If Defendant is found incapable of

proceeding, the charge against him should be dismissed.  N.C. Gen. Stat. § 15A-1008(a)(2).

VACATED AND REMANDED.

Judges INMAN and WOOD concur.