BERGER, Judge.
 

 *497
 

 *659
 
 Matthew Christopher Newsome ("Defendant") appeals from a judgment revoking his probation and activating his suspended sentence. On appeal he argues that the trial court abused its discretion when it revoked his probation. We affirm in part and remand in part.
 

 Factual and Procedural Background
 

 On April 15, 2015, Defendant was arrested for felony possession of cocaine and misdemeanor open container of alcohol. Pursuant to a plea arrangement with the State on May 21, 2015, Defendant pleaded guilty to possession of cocaine. The State agreed not to pursue an habitual
 
 *660
 
 felon indictment and dismissed the open container charge. Defendant received a ten to twenty-one month suspended sentence and was placed on probation for eighteen months.
 

 Defendant's probation officers filed multiple violation reports due to Defendant's willful failure to comply with the terms and conditions of his probation. On October 28, 2016, Defendant's probation officer filed a violation report, alleging that Defendant had been charged with driving while impaired on June 11, 2015, and resisting a public officer and intoxicated and disruptive on October 1, 2016. The violation report also alleged that Defendant had failed to pay over $2,000.00 in court-ordered fees. In April 2017, Defendant's probation was modified and extended for an additional twelve months only for his failure to comply with the monetary terms of his probation.
 

 On July 7, 2017, Defendant's probation officer filed a second violation report, alleging that Defendant had absconded by willfully avoiding supervision or willfully making his whereabouts unknown on July 5. The report also alleged that Defendant had refused to make himself available for supervision "after numerous attempts to contact the Defendant at the last known address;" had tested positive for PCP on May 10; had failed to report for office visits as instructed on May 9 and June 6; and had failed to pay his monetary obligation. Defendant was arrested after the July 7 violation report was filed, and he remained in custody until he posted bond on August 30.
 

 Defendant had been instructed to make contact with the probation office within 72 hours of his release from custody. Defendant had failed to contact his probation officer or the probation office after his release from custody. The probation officer had attempted to locate Defendant by calling him and visiting his residence. After observing Defendant enter his residence in September 2017, the probation officer went to Defendant's door, introduced herself as Defendant's probation officer, and spoke with Defendant's mother. Defendant's mother informed the probation officer that Defendant was not at home.
 

 On September 22, 2017, his probation officer filed an Addendum that alleged Defendant had absconded when he failed to report to the probation office within 72 hours of his release from custody on August 30. Defendant testified at his probation hearing that he did in fact go to the probation office as instructed and that he was not the person the probation officer had seen enter his residence. However, the trial court found that Defendant's testimony was not credible. In fact, the trial court found that "there is such a disparity-in the testimony-I mean,
 
 *661
 
 it's almost-almost-you're reciting something that's complete opposite from what [the probation officer] testified to."
 

 On February 8, 2018, the trial court found that Defendant had willfully violated the terms and conditions of his probation set forth in both the July 7 and September 22, 2017 violation reports, and that Defendant's probation could be revoked pursuant to N.C. Gen. Stat. § 15A-1343(b)(3a) for willfully absconding. The trial court activated Defendant's suspended sentence.
 

 Defendant appeals, but failed to comply with the requirements of Rule 4 of the Rules of Appellate Procedure. Defendant filed a petition for writ of certiorari to address his defective notice of appeal. In our discretion, we grant certiorari and review the merits of his appeal.
 

 *498
 

 Standard of Review
 

 On appeal, Defendant argues that the trial court abused its discretion when it revoked Defendant's probation. We disagree.
 

 "[I]n a probation revocation, the standard is that the evidence be such as to reasonably satisfy the [trial court] in the exercise of [its] sound discretion that the defendant has willfully violated a valid condition [upon which probation can be revoked]."
 
 State v. Harris
 
 ,
 
 361 N.C. 400
 
 , 404,
 
 646 S.E.2d 526
 
 , 529 (2007) (citation and quotation marks omitted). We review a trial court's decision to revoke a defendant's probation for an abuse of discretion.
 
 State v. Miller
 
 ,
 
 205 N.C. App. 291
 
 , 293,
 
 695 S.E.2d 149
 
 , 150 (2010) (citation omitted). Abuse of discretion "occurs when a ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision."
 
 State v. Maness
 
 ,
 
 363 N.C. 261
 
 , 279,
 
 677 S.E.2d 796
 
 , 808 (2009) (citation and quotation marks omitted).
 

 Analysis
 

 "Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime."
 
 State v. Murchison
 
 ,
 
 367 N.C. 461
 
 , 463,
 
 758 S.E.2d 356
 
 , 358 (2014) (citations and quotation marks omitted). "A probation revocation proceeding is not a formal criminal prosecution," and an "alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt."
 

 Id.
 

 at 464
 
 ,
 
 758 S.E.2d at 358
 
 ,
 
 367 N.C. 461
 
 (citations and quotation marks omitted).
 

 A trial court "may only revoke probation for [committing a criminal offense] or [absconding], except as provided in G.S. 15A-1344(d2)." N.C. Gen. Stat. § 15A-1344(a) (2017). A probationer absconds when he
 
 *662
 
 willfully avoids supervision or willfully makes his whereabouts unknown to his probation officer. N.C. Gen. Stat. § 15A-1343(b)(3a) (2017). It is a "defendant's responsibility to keep his probation officer apprised of his whereabouts."
 
 State v. Trent
 
 , --- N.C. App. ----, ----,
 
 803 S.E.2d 224
 
 , 232 (2017),
 
 review denied
 
 ,
 
 370 N.C. 576
 
 ,
 
 809 S.E.2d 599
 
 (2018).
 

 Merely failing to report for an office visit,
 

 does not,
 
 without more
 
 , violate N.C. Gen. Stat. § 15A-1343(b)(3a) when these exact actions violate the explicit language of a wholly separate regular condition of probation which does not allow for revocation and activation of a suspended sentence....
 

 To hold otherwise would render portions of N.C. Gen. Stat. § 15A-1344(a) superfluous. Allowing actions which explicitly violate a regular or special condition of probation other than those found in N.C. Gen. Stat. § 15A-1343(b)(1) or N.C. Gen. Stat. § 15A-1343(b)(3a) to also serve,
 
 without the State showing more
 
 , as a violation of N.C. Gen. Stat. § 15A-1343(b)(1) or N.C. Gen. Stat. § 15A-1343(b)(3a) would result in revocation of probation without following the mechanism the General Assembly expressly provided in N.C. Gen. Stat. § 15A-1344(d2).
 

 State v. Johnson
 
 ,
 
 246 N.C. App. 139
 
 , 146,
 
 783 S.E.2d 21
 
 , 26 (2016) (emphasis added). "[O]nce the State present[s] competent evidence establishing defendant's failure to comply with the terms of his probation, the burden [is] on
 
 defendant
 
 to demonstrate through competent evidence his inability to comply with those terms."
 
 Trent
 
 , --- N.C. App. at ----,
 
 803 S.E.2d at 231
 
 .
 

 In the present case, the second violation report was filed against Defendant for absconding, testing positive for PCP, failing to report for two office visits, and failing to comply with certain monetary conditions. The allegation regarding absconding specifically states that Defendant willfully violated the
 

 Regular Condition of Probation General Statute 15A-1343(b)(3a) 'Not to abscond, by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the supervising probation officer['] in that, on or about 7/5/2017, and after numerous attempts to contact the Defendant at the last known address ... the said Defendant has refused to make himself available for
 
 *663
 
 supervision as instructed by the probation officer, thereby absconding probation supervision.
 

 *499
 
 Defendant was subsequently served with the violation report and taken into custody. Defendant knew or should have known upon being served with the violation report that he was considered to be an absconder by his probation officer.
 

 Upon his release from custody on August 30, 2017, Defendant was then instructed to make contact with his probation officer within 72 hours of his release. This was more than a regular office visit. It was a special requirement imposed upon Defendant because he was considered to be an absconder, and it was his "responsibility to keep his probation officer apprised of his whereabouts."
 
 Trent
 
 , --- N.C. App. at ----,
 
 803 S.E.2d at 232
 
 .
 

 While in custody, the probation officer knew Defendant's whereabouts and how to contact him. Once Defendant had posted bond, Defendant never made his probation officer aware of his whereabouts as instructed. The requirement for Defendant to contact the probation officer within 72 hours of release from custody alerted Defendant that his probation officer was attempting to actively monitor him. Had Defendant complied, he would have enabled the probation officer to attempt appropriate monitoring of Defendant.
 

 However, because Defendant failed to contact his probation officer or the probation office after his release from custody, the probation officer was forced to locate Defendant. She then made multiple phone calls to Defendant's phone number that were not returned. When she had finally tracked him down and observed him enter his residence, she was informed by Defendant's mother that he was not there.
 

 On September 22, 2017, Defendant's probation officer filed an Addendum to the July 7 violation report because Defendant had failed to report to his probation officer or the probation office upon his release from custody, failed to contact his probation officer or the probation office for nearly one month, and willfully made his whereabouts unknown to his probation officer. The probation officer alleged in the Addendum that Defendant violated a
 

 Regular Condition of Probation General Statute 15A-1343(b)(3a) "Not to abscond, by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the supervising probation officer" in that, on or about 08-30-2017, the offender bonded out
 
 *664
 
 of custody, offender is a returned absconder[.] Offender failed to report the probation office within 72 hours of release, and has made no contact attempts despite several attempts to contact the offender, his whereabouts remain unknown[.] The offender is actively avoiding supervision, thereby absconding.
 

 The State presented sufficient evidence that Defendant willfully absconded by failing to report within 72 hours of his release from custody and thereafter avoiding supervision and making his whereabouts unknown from August 20 through the filing of the violation report on September 22.
 

 The burden was then on Defendant to "demonstrate through competent evidence his inability to comply with these terms" of his probation upon release from custody.
 
 Trent
 
 , --- N.C. App. at ----,
 
 803 S.E.2d at 231
 
 . Defendant admitted during the hearing that he knew he had to report to the probation office within 72 hours of his release, that his mother had informed him that a probation officer had stopped by their home, and that his mother had given him a business card with a probation officer's information on it. Moreover, the trial court determined that Defendant was not credible. In fact, the trial court went as far as to find that the evidence offered by Defendant was completely opposite of the testimony provided by the probation officer.
 

 Defendant, however, argues that the trial court abused its discretion because missing scheduled appointments cannot constitute absconding pursuant to
 
 State v. Williams
 
 ,
 
 243 N.C. App. 198
 
 ,
 
 776 S.E.2d 741
 
 (2015) and
 
 State v. Krider
 
 , --- N.C. App. ----,
 
 810 S.E.2d 828
 
 (2018),
 
 aff'd in part per curiam
 
 , --- N.C. ----,
 
 818 S.E.2d 102
 
 (2018). Here, however, Defendant did not simply miss an appointment or phone call with his probation officer. Defendant had willfully failed to comply with probation leading up to the July 7 violation report by making himself unavailable for supervision "after numerous attempts to contact Defendant at the last
 
 *500
 
 known address," and then again for almost one month following his release from custody on August 30.
 

 In
 
 Williams
 
 , the allegations in the violation report that the probationer had failed to remain within the jurisdiction and had failed to report for regular office visits could not be bootstrapped into a finding of absconding.
 
 Williams
 
 ,
 
 243 N.C. App. at 200
 
 ,
 
 776 S.E.2d at 743
 
 . In
 
 Williams
 
 , this Court specifically noted that "the State does not argue that Defendant absconded" in its brief and the violation "report did not include reference to N.C. Gen. Stat. § 15A-1343(b)(3a)."
 

 *665
 

 Id.
 

 at 200, 205
 
 ,
 
 776 S.E.2d at 743, 745
 
 . Similarly, this Court in
 
 Krider
 
 stated that evidence of Section 15A-1343(b)(2) and (3) violations could not be considered absconding, and, as in
 
 Williams
 
 , the violation report in
 
 Krider
 
 had not referenced Section 15A-1343(b)(3a).
 
 Krider
 
 , --- N.C. App. at ----,
 
 810 S.E.2d at 831
 
 .
 

 Here, however, the violation report and Addendum specifically alleged that Defendant had violated Section 15A-1343(b)(3a) by failing to make himself available for supervision and actively avoiding supervision. Defendant had not simply missed appointments or phone calls. After he was taken into custody for a violation based on absconding, Defendant had knowingly failed to notify his probation officer of his release from custody. Thereafter, Defendant actively avoided supervision each day after the initial 72-hour time period through and until September 22, 2017. This was a willful course of conduct by Defendant that thwarted supervision. Defendant's actions were a persistent avoidance of supervision and a continual effort to make his whereabouts unknown.
 

 Because the trial court had not abused its discretion when it found Defendant had absconded, we affirm the revocation of Defendant's probation and activation of the suspended sentence.
 

 However, we remand this matter for correction of a clerical error in the trial court's judgment. "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth."
 
 State v. Smith
 
 ,
 
 188 N.C. App. 842
 
 , 845,
 
 656 S.E.2d 695
 
 , 696 (2008) (citation and quotation marks omitted). As stated above, a trial court "may only revoke probation for [committing a criminal offense] or [absconding]." N.C. Gen. Stat. § 15A-1344(a). Thus, the judgment form must clearly indicate that probation was revoked because Defendant had committed a criminal offense or absconded. When the trial court incorrectly checks a box on a judgment form that contradicts its findings and the mistake is supported by the evidence in the record, we may remand for correction of this clerical error in the judgment.
 
 See
 

 State v. Jones
 
 ,
 
 225 N.C. App. 181
 
 , 186,
 
 736 S.E.2d 634
 
 , 638 (2013) (affirming the trial court's revocation of defendant's probation, but remanding for the sole purpose of correcting a clerical error on the judgment form).
 

 Here, the trial court found on Defendant's judgment form that Defendant had violated the conditions of probation as set forth in paragraphs 1 through 5 of the July 7, 2017 violation report, and paragraph 1
 
 *666
 
 of the September 22, 2017 Addendum. The trial court had checked the box indicating that Defendant's probation could only be revoked for committing a criminal offense or absconding. However, because violations 2 through 5 in the July 7, 2017 violation report are neither criminal offenses nor do they constitute absconding, the trial court should not have selected the box that "[e]ach violation is in and of itself was sufficient basis upon which this Court should revoke probation and activate the suspended sentence." Accordingly, we remand to the trial court to correct this clerical error on the judgment.
 

 Conclusion
 

 For the reasons stated above, we affirm the trial court's judgment. However, we remand for the limited purpose of correcting the clerical error described above.
 

 AFFIRMED IN PART; REMANDED IN PART.
 

 Judge HUNTER, JR. concurs.
 

 Judge DAVIS concurred in result only in this opinion prior to 25 March 2019.