IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-597

Filed: 18 February 2020

Buncombe County, No. 18 CRS 85686

STATE OF NORTH CAROLINA

v.

RICKY SCOTT MILLS, Defendant.

Appeal by defendant from judgment entered 7 February 2019 by Judge Alan Z. Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals 22 January 2020.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Mary S. Crawley, for the State.*
>
> *Yoder Law PLLC, by Jason Christopher Yoder, for defendant-appellant.*

BERGER, Judge.

Ricky Scott Mills ("Defendant") appeals from the judgment revoking probation entered February 7, 2019. Defendant contends the trial court erred in finding that Defendant violated the terms of probation and willfully absconded. We disagree.

Factual and Procedural Background

On December 5, 2018, Defendant pleaded guilty to assault with a deadly weapon on a government official and was placed on supervised probation. That same day, Defendant met with Buncombe County probation intake coordinator, Officer

Robin Canipe ("Officer Canipe"), in the local jail to complete his intake paperwork. Defendant informed Officer Canipe that he would reside at his sister's house in Arden, North Carolina and provided his sister's phone number as his contact point. Officer Canipe gave Defendant "Reporting Instructions" which required Defendant to meet with his probation officer within three days of his release from custody. Defendant signed and acknowledged the requirements and indicated that he understood that he could be arrested if he failed to comply. Defendant was also provided with, and initialed, the "Regular Conditions of Probation."

On Friday, December 21, 2018, Defendant was released from custody and was required to report to Officer Michael Britton ("Officer Britton") by December 24, 2018. The Buncombe County Probation Office was closed the following Monday, Tuesday, and Wednesday in observance of the Christmas holiday. Soon after, Officer Britton attempted to locate Defendant through the address and phone number which Defendant provided during his intake interview.

Officer Britton called the phone number Defendant provided. Defendant's sister answered and claimed that she "rarely has contact with him and hasn't had contact with him in some time and didn't even know he was out of custody." In early January, Officer Britton went to the address given by Defendant as his sister's residence, but the owner had "never heard of" Defendant.

On January 11, 2019, Officer Britton filed a violation report that alleged Defendant had violated the following conditions of probation: (1) "The Defendant has avoided supervision or is making their whereabouts unknown and has absconded;" (2) "Defendant has failed to provide proof to supervising officer of attending one community support meeting a week;" (3) "Defendant has failed to provide proof to supervising officer of completing any of 100 community service hours ordered;" (4) "Defendant has failed to report to supervising officer in any way since being released from custody on 12/21/2018," "Defendant has failed to report a valid address," and "Defendant has failed to report a phone number to be contacted on;" (5) "Defendant has failed to provide proof to supervising officer of enrolling in a G.E.D. program;" (6) "Defendant has an [active] warrant for non support;" (7) "[Defendant] has failed to provide supervising officer proof of obtaining a substance abuse assessment;" and (8) "Defendant has failed to provide proof of obtaining a job and working at[]least 20 hours a week."

On February 7, 2019, this matter came on for hearing. At the time, Defendant was in custody on an active warrant for nonsupport. The trial court determined that Defendant willfully violated the terms of his probation and revoked Defendant's probation. Defendant appeals, arguing that the trial court erred in finding (1) Defendant violated the conditions of his probation and that the State failed to present

competent evidence to support the violations, and (2) that Defendant willfully absconded from supervision. We disagree.

Standard of Review

"In a probation revocation, the standard is that the evidence be such as to reasonably satisfy the trial court in the exercise of its sound discretion that the defendant has willfully violated a valid condition" upon which probation can be revoked. *State v. Harris*, 361 N.C. 400, 404, 646 S.E.2d 526, 529 (2007) (*purgandum*).

> A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended.

*State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (*purgandum*). "We review a trial court's decision to revoke a defendant's probation for an abuse of discretion. Abuse of discretion occurs when a ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Newsome*, ___ N.C. App. ___, ___, 828 S.E.2d 495, 498 (2019) (*purgandum*).

Analysis

"Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime." *State v. Murchison*, 367 N.C. 461, 463, 758 S.E.2d 356, 358 (2014) (citations and quotation marks omitted). Pursuant to N.C. Gen. Stat. § 15A-1344, the trial court "may only revoke probation for a violation of a condition

of probation" including committing a "criminal offense in any jurisdiction" or absconding "by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer, if the defendant is placed on supervised probation." N.C. Gen. Stat. §§ 15A-1344(a); 15A-1343(b)(1), (b)(3a) (2017). "It is a defendant's responsibility to keep his probation officer apprised of his whereabouts." *Newsome*, ___ N.C. App. at ___, 828 S.E.2d at 498.

Here, the violation report alleges that Defendant has willfully violated:

> 1. Regular Condition of Probation: General Statute 15A-1343 (b) (3a) "Not to abscond, by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the supervising probation officer" in that, THE DEFENDANT HAS AVOIDED SUPERVISION OR IS MAKING THEIR WHEREABOUTS UNKNOWN AND HAS ABSCONDED.

> 4. "Report as dire[c]ted by the Court, Commission or the supervising officer to the officer at reasonable times and places . . ." in that
> -DEFENDANT HAS FAILED TO REPORT TO SUPERVISING OFFICER IN ANY WAY SINCE BEING RELEASED FROM CUSTODY ON 12/21/2018.
> -DEFENDANT FAILED TO REPORT A VALID ADDRESS
> -DEFENDANT FAILED TO REPORT A PHONE NUMBER TO BE CONTACTED ON

Prior to Defendant's release, Defendant was instructed to meet with Officer Britton within three days of his release from custody. "This was more than a regular office visit. It was a special requirement imposed upon Defendant . . . , and it was his responsibility to keep his probation officer apprised of his whereabouts" upon release. *Id.* at ___, 828 S.E.2d at 499 (citation and quotation marks omitted). Defendant was

released on December 21, 2018 and failed to report to Officer Britton for at least 21 days. Although the probation office was closed around the time of his release, Officer Britton testified he still would have been notified if Defendant had attempted to contact the office. Moreover, the evidence tended to show that Defendant had failed to contact the probation office by January 11, 2019 when the probation violation report was filed.

In addition, Officer Britton further testified that he tried to contact Defendant using the phone number and address that Defendant provided in the intake form. When Officer Britton called the phone number, he was connected with Defendant's sister, who lives in South Carolina. She informed Officer Britton that she "rarely has contact with [Defendant] and hasn't had contact with him in some time and didn't even know he was out of custody." Officer Britton then went to the address provided by Defendant on the intake form. The homeowner was not Defendant's sister, Defendant was not there, and the homeowner did not know Defendant.

"[O]nce the State present[s] competent evidence establishing [a] defendant's failure to comply with the terms of his probation, the burden [is] on [the] defendant to demonstrate through competent evidence his inability to comply with those terms." *State v. Trent*, 254 N.C. App. 809, 819, 803 S.E.2d 224, 231 (2017), *writ denied, review denied*, 370 N.C. 576, 809 S.E.2d 599 (2018). Defendant did not present any evidence at the probation violation hearing.

The evidence demonstrated that Defendant failed to provide accurate contact information, made his whereabouts unknown, failed to make himself available for supervision, actively avoided supervision, and knowingly failed to make contact with Officer Britton after release. Thus, the trial court did not abuse its discretion when it found that Defendant absconded and thereafter revoked Defendant's probation.

Defendant further argues the trial court erred in revoking probation because the time period for the alleged violations had not expired. Specifically, Defendant alleges that the trial court erred in finding that he violated the following conditions of probation even though the time period had not yet expired: enrolling in a G.E.D. program, proof of paying child support, and proof of enrollment in a substance abuse program.

While Defendant was not required to complete any of these requirements as of the filing of the violation report, Defendant failed to provide any evidence that he was making progress, or any effort, towards enrolling in or satisfying these court-ordered requirements. Defendant admitted each of the violations in the violation report, and Defendant failed to present any evidence which demonstrated his failure to abide by valid terms and conditions of his probation was not willful. In addition, Defendant failed to produce any evidence that he had taken steps to begin complying with the terms and conditions of his probation. Therefore, the trial court did not err when it

found that Defendant willfully violated each of the conditions as alleged in the violation report.

Further, the trial court specifically revoked Defendant's probation "for the willful violation of the condition that he not . . . abscond from supervision" pursuant to N.C. Gen. Stat. § 15A-1343(b)(3a). The absconding violation is the only violation for which the trial court could and did revoke Defendant's probation. Defendant's argument that the trial court may have revoked his probation for his other violations is without merit. Accordingly, the trial court did not err because it properly revoked Defendant's probation "for the willful violation of the conditions that [he] not commit any criminal offense . . . or abscond from supervision."

## Conclusion

For the reasons stated above, we affirm.

AFFIRMED.

Judges ZACHARY and YOUNG concur.