IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-531

No. COA20-769

Filed 5 October 2021

Lincoln County, No. 17 CRS 52783

STATE OF NORTH CAROLINA

      v.

CARROLL JOSHUA BROWN, Defendant.

Appeal by Defendant from judgment entered 30 May 2019 by Judge Todd Pomeroy in Lincoln County Superior Court. Heard in the Court of Appeals 25 August 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Allison A. Angell, for the State.*

*Shawn R. Evans for Defendant-Appellant.*

INMAN, Judge.

¶ 1      Carroll Joshua Brown ("Defendant") appeals from the revocation of his probation based on an absconding violation. Defendant contends that the trial court erred in finding he violated his probation because the State did not present competent evidence that he had absconded and that the trial court made three clerical errors in its judgment. After careful review, we affirm the trial court's activation of

Defendant's sentence, but we remand the case for the trial court to correct the clerical errors.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Defendant on 15 February 2018 entered an *Alford* plea on a charge of possession with intent to sell and deliver methamphetamine.   The trial court sentenced Defendant to 8 to 19 months in prison, suspended for 30 months of supervised probation.

Defendant's first probation officer filed a probation violation report on 1 November 2018, alleging Defendant had failed to attend and comply with cognitive behavioral intervention ("CBI") services, had not paid supervision and court costs, and had been terminated from the Treatment Accountability for Safer Communities ("TASC") program because he did not report.   The trial court found Defendant in willful violation of the conditions of his probation and ordered Defendant complete CBI and TASC.

Defendant's case was eventually transferred to another probation officer.   His new probation officer could not locate Defendant, so the officer filed a second probation violation report on 9 April 2019.   The report alleged five violations:

> 1.   The defendant has failed to report or contact the probation office and has failed to provide his current address, making his whereabouts unknown.   The defendant has absconded supervised probation.

The defendant moved from the residence, 3448 East Highway 27 Lincolnton, NC 28092, without permission. The defendant has failed to provide the address to where he is currently residing.

3. The defendant failed to complete CBI as ordered by the court.

4. The defendant is in arrears $380.00 for probation supervision fees.

5. The defendant is in arrears $1,782.50 for court cost indebtedness.

6. The defendant has failed to comply with court ordered two drug screens per month.

Defendant was taken into custody on or about 2 May 2019. After being made aware of the allegations against him, Defendant waived his right to counsel and the matter was scheduled for hearing.

At the probation hearing on 30 May 2019, Defendant, *pro se*, admitted to absconding. Addressing Defendant, the prosecutor asked, "one of the regular conditions of your probation was to not abscond. The allegation is that you failed to report or contact the probation office. And you failed to provide your current address, making your whereabouts unknown. As such, you have violated your supervision. Do you admit that violation?" Defendant responded, "I may have absconded, but I think my current address that I was staying at is in my file. She asked me for that." The trial court judge clarified, "You are admitting absconding then?" Defendant replied, "Yes, Sir." Defendant further admitted he had failed to complete CBI and to

pay court and supervision costs. The prosecutor then asked, "And then you failed to comply with the court ordered drug screens, two per month; do you admit that?" Defendant answered, "Yes, sir, since I absconded." When the trial court asked Defendant if he wished to say anything further, Defendant again said, "I absconded."

¶ 6 The trial court found Defendant had violated the conditions of his probation. Because Defendant absconded pursuant to N.C. Gen. Stat. § 15A-1343(b)(3a), the trial court revoked his probation and activated his sentence of 8 to 19 months with 136 days of jail credit. Defendant filed a handwritten notice of appeal with the clerk on 6 June 2019. On appeal, contemporaneously with his brief, Defendant has filed a petition for writ of certiorari, requesting that we exercise our discretion to review the merits of his appeal in the event his notice is defective.

## II. ANALYSIS

### 1. *Appellate Jurisdiction*

¶ 7 Defendant's notice of appeal failed to comply with Rule 4 of our Rules of Appellate Procedure because the notice does not include Defendant's signature, designate the judgment from which Defendant appealed or the court to which he appealed, or contain a certificate of service.[1] *See* N.C. R. App. P. 4(b) (2021).

---

[1] In addition, Defendant's notice of appeal was untimely, though through no fault of his own. Defendant filed his notice of appeal on 6 June 2019, but the trial court did not enter the appellate entries until 28 August 2019, almost two months after the entry of the judgment.

¶ 8        In our discretion and because one of Defendant's arguments is meritorious, we grant Defendant's petition for certiorari review. N.C. R. App. P. 21(a)(1) (2021) ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action.").

### 2. *Competent Evidence to Support Finding of Absconding*

¶ 9        Defendant argues the trial court erred in finding he violated his probation by absconding because the State failed to present competent evidence.

¶ 10       We review a trial court's revocation of probation for abuse of discretion. *State v. Murchison*, 367 N.C. 461, 464, 758 S.E.2d 356, 358 (2014). A trial court abuses its discretion "when a ruling is so manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Maness*, 363 N.C. 261, 279, 677 S.E.2d 796, 808 (2009) (quotation marks and citation omitted). Probation may be revoked in three circumstances: (1) the trial court has previously ordered two 90-day periods of confinement, (2) the probationer commits a new criminal offense, or (3) the probationer absconded from supervision. N.C. Gen. Stat. § 15A-1344(a)(d2) (2019); N.C. Gen. Stat. §§ 1343(b)(1), (b)(3a) (2019). A probationer absconds by "willfully avoiding supervision" or "making the defendant's whereabouts unknown to the supervising probation officer." § 1343(b)(3a).

¶ 11    Defendant's insistence on appeal that his probation officer had his correct address in her file is not availing.  He waived the requirement that the State present evidence and at no time asked to submit sworn testimony.  And assuming *arguendo* that Defendant could have offered this factual assertion as testimony and did so, as the trier of fact in a probation violation hearing, the trial court judge is not compelled to accept any testimony as credible.  *State v. Robinson*, 248 N.C. 282, 286, 103 S.E.2d 376, 379 (1958) ("In determining whether the evidence warrants the revocation of a suspended sentence, the credibility of the witnesses and the evaluation and weight of their testimony, are for the judge.") (citations omitted)).

¶ 12    Our caselaw is clear that "a waiver of the presentation of the State's evidence by an in-court admission of the willful or without lawful excuse violation as contained in the written notice (or report) of violation" satisfies due process requirements at a probation revocation hearing.  *State v. Sellers*, 185 N.C. App. 726, 728, 649 S.E.2d 656, 657 (2007) (citing *State v. Williamson*, 61 N.C. App. 531, 533-34, 301 S.E.2d 423, 425 (1983)).  Put differently, when a defendant admits to willfully violating a condition of his or her probation in court, the State does not need to present evidence to support the violations.  A probation hearing is not a "formal trial" in North Carolina, so the trial court is not required to "personally examine a defendant regarding his admission that he violated his probation." *Id.* at 727, 649 S.E.2d at 656

(citing *State v. Hewett,* 270 N.C. 348, 353, 154 S.E.2d 476, 479 (1967) ("Proceedings to revoke probation are often regarded as informal or summary.")).

Here, Defendant waived his right to counsel before the hearing. At the hearing, Defendant unequivocally and repeatedly admitted that he had absconded. The trial court asked Defendant directly if he was "admitting absconding;" it was not required to personally examine Defendant further. *Sellers*, 185 N.C. App. at 727, 649 S.E.2d at 656. When Defendant admitted to absconding, he waived the State's burden of producing competent evidence of the violation.[2] Defendant cannot now argue that the State failed to meet this burden.

Defendant contends that when he admitted to absconding, he did not understand the legal definition of the word. We reject this argument.

Defendant relies on *State v. Crompton*, 270 N.C. App. 439, 842 S.E.2d 106 (2020), to his detriment. First, *Crompton* held that allegations in a probation violation report tracking the language of Sections 15A-1343(b)(2) and (3) may be

---

[2] North Carolina Department of Public Safety Community Corrections' policies and procedures require probation officers to take the following investigative actions before declaring a probationer an absconder: (1) review AOC alerts; (2) attempt to call the offender via telephone; (3) conduct, at a minimum, two home contacts on separate days and leave written reporting instructions; (4) attempt to contact the offender at school or work; (5) contact a relative or reference; (6) contact treatment providers; and (7) contact local law enforcement. N.C. Dep't Pub. Safety Cmty. Corr., Policy & Procedures, *Absconder Investigation* § D.0503, 275-76 (April 2019), https://www.ncdps.gov/document/community-corrections-policy-manual. Because Defendant admitted that he had absconded at the revocation hearing, the trial court did not need to consider what investigative steps the probation officer took to locate him.

sufficient to allege an absconding violation under Section 15A-1343(b)(3a). 270 N.C. App. at 442-49, 842 S.E.2d at 110-14. Defendant does not contend the allegations in the probation violation report were insufficient. *See* N.C. R. App. P. 28(a) (2021) ("Issues not presented and discussed in a party's brief are deemed abandoned."). Second, in *Crompton* the probationer admitted to the underlying factual allegations in the probation violation report. 270 N.C. App. at 441, 842 S.E.2d at 109. Here, Defendant admitted to the violation of willfully absconding throughout the course of the probation hearing. Finally, *Crompton* did not cite or rely upon *Sellers*, which is controlling in this case.

¶ 16        We affirm the trial court's finding that Defendant absconded in violation of his probation, based on Defendant's own admissions and the allegations in the probation violation report.

### 3. *Clerical Errors in the Judgment*

¶ 17        Defendant requests we remand this case to the trial court to correct clerical errors in the judgment. The State concedes error, and we agree.

¶ 18        When the trial court's written judgment contradicts its findings in open court, we will remand the judgment to correct the clerical error, *State v. Newsome*, 264 N.C. App. 659, 665, 828 S.E.2d 495, 500 (2019) (citations omitted), "because of the importance that the record speak the truth," *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) (quotation marks and citations omitted).

¶ 19       Defendant alleges three clerical errors in the judgment. First, the record reveals Defendant was convicted of possession with intent to sell and deliver methamphetamine. However, the judgment form incorrectly lists Defendant's conviction as possession with intent to manufacture, sell, or deliver marijuana. Second, while the violation report only alleges five violations, paragraphs 1, 3, 4, 5, and 6, the judgment inadvertently denotes six different violations—1, 2, 3, 4, 5, and 6. Third, the trial court mistakenly checked a box on the judgment form to indicate that each violation alone could activate Defendant's sentence. It is clear from the transcript of the probation violation hearing that the trial court revoked Defendant's probation based only on the absconding violation in accordance with our statutes and caselaw. N.C. Gen. Stat. § 15A-1344(d2); §§ 1343(b)(1), (b)(3a); *Newsome*, 264 N.C. App. at 665, 828 S.E.2d at 500.

¶ 20       Accordingly, we remand so the judgment may reflect the appropriate conviction, number of probation violations, and revocation of Defendant's probation based on his absconding. *See Newsome*, 264 N.C. App. at 665, 828 S.E.2d at 500 (remanding so the judgment may "clearly indicate that probation was revoked because Defendant had committed a criminal offense or absconded").

## III.   CONCLUSION

¶ 21       For the reasons explained above, we affirm the activation of Defendant's sentence. However, we remand to the trial court to correct the described clerical

errors in the judgment.


AFFIRMED IN PART; REMANDED IN PART.

Judges WOOD and JACKSON concur.