IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-361

Filed 17 December 2024

Cabarrus County, No. 20 CRS 51005

STATE OF NORTH CAROLINA

v.

FERNANDO RODRIQUEZ MCCULLOUGH

Appeal by Defendant from an order entered 16 November 2023 by Judge Lori I. Hamilton in Cabarrus County Superior Court. Heard in the Court of Appeals 8 October 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Jessica Helms, for the State.*

*Jason Christopher Yoder for Defendant-appellant.*

WOOD, Judge.

Fernando Rodriquez McCullough ("Defendant") appeals from a final judgment following the revocation of his probation.

## I. Factual and Procedural Background

On 18 May 2022, Defendant pleaded guilty to assault by strangulation, assault on a female, and injury to real property. He was sentenced to 11 to 23 months of imprisonment, suspended for 18 months of supervised probation, and was ordered to pay court appointed attorney fees plus a $75.00 attorney appointment fee.

On 7 May 2023, Defendant was charged for the criminal offenses of DWI and diving while license revoked for an impaired revocation in Cabarrus County. On 17 May 2023, Defendant's probation officer filed a violation report in Cabarrus County Superior Court alleging Defendant had violated the conditions of his probation by failing to pay court and supervision fees as ordered by the court and for committing the new criminal offenses of DWI and diving while license revoked for an impaired revocation.

Defendant's probation expired on 14 November 2023, and his violation hearing was held on 16 November 2023. The trial court found good cause to retain jurisdiction because the hearing was conducted during the same session of court in which Defendant's probation expired. Defendant admitted the violations related to owing money but denied committing a new criminal offense.

At the hearing, Defendant's probation officer testified she filed a violation report alleging new criminal offenses after a magistrate issued a warrant charging Defendant with five offenses: driving while impaired, driving while license revoked for an impaired revocation, no liability insurance, "giving, lending, or borrowing a license plate" and "expired/no inspection." The State introduced the warrant into evidence as State's Exhibit 1. The State also introduced an officer's affidavit, consent form, and intoxilyzer result form from the 7 May 2023 arrest. Defense counsel objected to the probation officer testifying to the content of those items rather than the arresting officer. The trial court noted Defendant had the right to confront

witnesses at the hearing but overruled the objection concluding that the officer's testimony would be extraneous under this Court's decision in *Singletary*. *State v. Singletary*, 290 N.C. App. 540, 893 S.E.2d 215 (2023). The probation officer also testified that Defendant had called her to report his arrest for the new offenses.

The trial court found the evidence sufficient to support revocation of Defendant's probation for committing a new criminal offense based on the officer's affidavit, the consent form, the test results, and the Defendant's admission to his probation officer. After revoking Defendant's probation, the trial court ordered the clerk to enter a civil judgment for $325.00 in attorney fees, as well as another $75.00 attorney appointment fee.

## II. Analysis

Defendant argues the trial court erred in finding Defendant had committed a new criminal offense based on the magistrate's warrant and violated Defendant's due process and statutory right to confrontation by failing to make a finding of good cause for denying his right to confront and cross-examine the arresting officer. Additionally, Defendant argues the trial court erred in ordering Defendant to pay a second $75.00 appointment of counsel fee and erred in finding that "[e]ach violation is, in and of itself a sufficient basis upon which this Court should revoke probation and activate the suspended sentence."

## A. Jurisdiction

On 16 November 2023, after the trial court revoked Defendant's probation,

Defendant gave oral notice of appeal in open court. Because it is a final judgment from the superior court, jurisdiction lies in this Court, pursuant to N.C. Gen. Stat. § 7A-27(b) (2023).

The North Carolina Rules of Appellate Procedure permit appeals from a criminal action to be made in two ways: entering oral notice at trial or filing written notice with the clerk of superior court within fourteen days. N.C. R. App. P. 4 (a). This Court has held attorney fees are civil penalties subject to the rules of civil procedure governing appeals. *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 697 (2008). Therefore, defendants are required to follow the civil rules of procedure when appealing attorney fees. A party must file and serve written notice of appeal with the clerk of superior court within thirty days after entry of judgment. N.C. R. App. P. 3 (a),(c)(1). Defendant gave oral notice of appeal after entry of the judgment but failed to enter written notice of appeal within the time proscribed.

On 25 June 2024, Defendant filed a Petition for Writ of Certiorari pursuant to N.C. Gen. Stat. § 7A-32(c), Rule 21 of the North Carolina Rules of Appellate Procedure, and *State v. Ledbetter*, 371 N.C. 192, 194, 814 S.E.2d 39, 41 (2018) requesting this Court cure the defective notice of appeal. Under Appellate Rule 21(a)(1), this Court may issue a writ of certiorari to permit review "when the right to prosecute an appeal has been lost by the failure to take timely action[.]" N.C. R. App. P. 21(a)(1)(2023). Our Supreme Court has stated the writ of certiorari should issue upon "a reasonable show of merits and that the ends of justice will be thereby

promoted." *King v. Taylor*, 188 N.C. 450, 451, 124 S.E. 751, 751 (1924).

The State concedes the trial court erred by duplicating the attorney appointment fee. Under N.C. Gen. Stat. § 7A-455, a trial court may impose attorney's fees against a convicted, indigent defendant for the cost incurred by a defendant's appointed counsel. *State v. Webb*, 358 N.C. 92, 100, 591 S.E.2d 505, 512 (2004). The statute permits a $75.00 fee for the appointment of a court-appointed attorney in every criminal case. The fee applies once, "regardless of the number of cases which the attorney was assigned. An additional appointment fee shall not be assessed if the charges for which an attorney was appointed were reassigned to a different attorney." N.C. Gen. Stat. § 7A-455.1(e) (2023).

As this issue clearly has merit, we grant certiorari to reach the merits of Defendant's appeal.

**B.    Standard of Review**

A trial court's decision to revoke probation is reviewed for "manifest abuse of discretion." *Singletary* at 545, 893 S.E.2d at 220.

> A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion.

*State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (citation

and quotation marks omitted).  "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

When the trial court's revocation of probation relies on statutory interpretation, it is a question of law and is reviewed *de novo*.  *State v. Krider*, 258 N.C. App. 111, 113, 810 S.E.2d 828, 829 (2018), aff'd but criticized, 371 N.C. 466, 818 S.E.2d 102 (2018).  Claims alleging violations of statutory guidelines and constitutional rights are also reviewed *de novo*.  *State v. Graham*, 200 N.C. App. 204, 214, 683 S.E.2d 437, 444 (2009).  "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (citation omitted).

## C.    New Criminal Offense

The trial court may revoke probation when a defendant commits a criminal offense while on probation.  N.C. Gen Stat. §§ 15A-1343(b)(1) (2022), 15A-1344(a) (2022).  That a defendant is charged with a criminal offense is "insufficient to support a finding that he committed them." *Singletary* at 546, 893 S.E.2d at 220 (quoting *State v. Hancock*, 248 N.C. App. 744, 749, 789 S.E.2d 522, 526 (2016)).  To revoke probation for committing a criminal offense, there must be "some form of evidence that a crime was committed." *State v. Graham*, 282 N.C. App. 158, 160, 869 S.E.2d 776, 778 (2022).  However, "the alleged violation of a valid condition of probation need

not be proven beyond a reasonable doubt." *Id* at 159, 869 S.E.2d at 778. The trial court only need find that a defendant "willfully violated a valid condition of probation" to revoke probation. *Singletary* at 545, 893 S.E.2d at 220 (quoting *State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008)). The evidence must "reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation . . . ." *Id.* The evidence is sufficient when "the trial court can independently find that the defendant committed a new offense." *Id.* at 546, 893 S.E.2d at 221 (quoting *Hancock*, 248 N.C. App. at 749, 789 S.E.2d at 526).

At the hearing, the trial court cited *Singletary* to support its decision. In *Singletary*, the trial court relied upon the violation report, arrest warrants, the defendant's admission to her probation officer of the crimes, and images of the defendant committing the alleged crimes to make an independent determination that it was "more probable than not Defendant committed the new criminal offense." *Id.* at 547, 893 S.E.2d at 221.

Defendant contends the trial court erred in its comparison to *Singletary* as there was no independent evidence to establish that he committed a new crime. We disagree.

The trial court was presented with the driving while impaired arrest warrant containing Defendant's photograph, the charging officer's affidavit, the intoxilyzer report showing a blood alcohol level of 0.12, and the probation officer's testimony

regarding the telephone conversation she had with Defendant shortly after the incident. Although the arrest warrant is not sufficient to allow the trial court to independently determine Defendant probably committed a new offense, the charging officer's affidavit and the intoxilyzer report were sufficient to allow the trial court to independently determine Defendant probably had committed the offenses of driving while impaired. Thus, the evidence allowed the trial court to independently determine that it was "more probable than not Defendant committed the new criminal offense" and thereby violated the terms of his probation. *Id.*

**D. Due Process and Right to Confrontation**

A probation revocation hearing is not a criminal proceeding and therefore the "Sixth Amendment right to confrontation in a probation revocation hearing does not exist." *Singletary* at 548, 893 S.E.2d at 222 (quoting *State v. Hemingway*, 278 N.C. App. 538, 548, 863 S.E.2d 279, 286 (2021)). N.C. Gen Stat. § 15A-1345(e) "controls the probationer's right to confrontation" during a hearing. *Id.* Therefore, no constitutional argument exists; there is only a statutory argument for Defendant's violation of due process. *Id.*

Under N.C. Gen Stat. § 15A-1345(e), during a revocation hearing, the probationer "may confront and cross-examine adverse witnesses unless the court finds good cause for not allowing confrontation." N.C. Gen Stat. § 15A-1345(e) (2022). The court may use its discretion to determine if good cause exists for denying confrontation. *Singletary*, 290 N.C. App. at 548, 893 S.E.2d at 222 (citing *State v.*

*Jones*, 269 N.C. App. 440, 444, 838 S.E.2d at 686, 689 (2020)). Accordingly, the issue is whether the trial court made a prejudicial error by not making a finding of good cause for denying Defendant the ability to confront the arresting officer.

While enumerating its findings in open court, the trial court cited *Singletary* explaining "failure to require an adverse witness to testify is not error if the adverse witness' testimony would have been merely extraneous evidence in light of other competent evidence presented . . . ." *Singletary* at 548, 893 S.E.2d at 222.

In *Singletary,* this Court found that when the trial court had arrest warrants, video footage, and the parole officer's testimony about the defendant's admissions, there was sufficient evidence to support the trial court's finding that the defendant had committed new crimes without any testimony from the witness at issue. *Id.* at 549, 893 S.E.2d at 223.

As in *Singletary*, here, the trial court received into evidence documents filed with the court, specifically the arrest warrant containing Defendant's picture and the intoxilyzer results indicating a breath alcohol level above the legal limit. In addition, Defendant's probation officer testified that Defendant contacted her about his arrest and admitted he had been driving. Even without the arresting officer's affidavit or testimony, the trial court had sufficient evidence to independently determine a new offense of driving while impaired had been committed. Because the arresting officer's testimony would have been merely extraneous when sufficient evidence had been admitted, the trial court did not err by omitting a finding of good cause for denying

the confrontation of the arresting officer.

**E.     Clerical Errors.**

Defendant's probation officer filed a violation report alleging Defendant was in violation of his probation for failing to pay court and supervision fees and committing new criminal offenses.   When completing the Judgment and Commitment Upon Revocation of Probation form, the trial court checked both box four, indicating "each violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence," as well as box five (a) which acknowledged Defendant's probation could only be revoked "for the willful violation of the condition(s) that he/she not commit any criminal offense . . . ."   Probation can only be revoked if the probationer:

> (1) commits a new criminal offense in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) violates any condition of probation after serving two prior periods of CRV [confinement in response to violations] under N.C. Gen. Stat. § 15A-1344(d2).

N.C. Gen. Stat. § 15A–1344(a)(2023); *State v. Krider*, 258 N.C. App.111, 113, affirmed in part, 371 N.C. 466 (2018).   Thus, Defendant's failure to pay the fees alleged in the violation report is not a sufficient basis for revoking probation and the trial court's selection of box four indicating that each violation was a sufficient basis upon which the court could revoke probation was error.

Thorough review of the trial court's findings made in open court clearly

indicate Defendant's probation was revoked on the basis of new criminal conduct. The trial court stated,

> The State has presented sufficient evidence to indicate that the defendant has committed new criminal conduct while he was on probation. That is [a] revocable offense. The recommendation from the probation officer is that his probation be revoked. I am going to accept the recommendation. I'm going to revoke his probation . . . .

Notwithstanding the trial court's statements, the trial court checked the wrong box. "When the trial court incorrectly checks a box on a judgment form that contradicts its findings and the mistake is supported by the evidence in the record, we may remand for correction of this clerical error in the judgment." *State v. Newsome*, 264 N.C. App. 659, 665, 828 S.E.2d 495, 500 (2019). Accordingly, we remand to the trial court for correction of the clerical error.

**F.    Appointment Fee for Court-Appointed Attorney**

Defendant next argues the trial court incorrectly assessed two appointment fees for his court-appointed attorney, and the State concedes the error. Pursuant to N.C. Gen. Stat. § 7A-455.1, a trial court may impose attorney's fees against a convicted, indigent defendant for the cost incurred by a defendant's appointed counsel. *Webb* at 100, 591 S.E.2d at 512. The statute allows for a $75.00 appointment fee for court-appointed attorney fees in every criminal case provided the fee shall be applied "only once, regardless of the number of cases to which the attorney was assigned. An additional appointment fee shall not be assessed if the charges for

which an attorney was appointed were reassigned to a different attorney." N.C. Gen. Stat. § 7A-455.1(e) (2023). The plain reading of this statute shows the attorney appointment fee should only be charged once for each case and our Supreme Court has stated that "[c]osts are imposed only at sentencing . . . ." *State v. Webb* at 101, 591 S.E.2d at 513. However, here it was charged both during sentencing after Defendant pleaded guilty and at the probation revocation hearing.

Further, the attorney appointment fee statute specifically states it can only be assessed if the "person is convicted." N.C. Gen. Stat. § 7A-455.1(a) (2023). Here, Defendant had already been assessed a $75.00 fee during sentencing when he pleaded guilty in this case. Probation violation proceedings occur in the same case for which a defendant is placed on probation following a conviction but are not in themselves new convictions. Our Supreme Court has clarified, "[w]hen a defendant's probation is revoked, the sentence the defendant may be required to serve is the punishment for the crime of which he had *previously* been found guilty." *State v. Murchison,* 367 N.C. 461, 463, 758 S.E.2d 356, 358 (2014) (cleaned up) (emphasis added).

Therefore, the second $75.00 appointment fee charged after Defendant's probation revocation must be removed from the calculation of civil penalties charged to Defendant. We vacate the duplicate attorney fee and remand to correct the judgment amount.

### III.    Conclusion

For the foregoing reasons, the trial court did not err in its determination

Defendant had committed a new criminal offense warranting, in its discretion, revocation of Defendant's probation, nor did the trial court err in denying Defendant's confrontation of the arresting officer. However, the trial court erred when it charged Defendant the $75.00 attorney appointment fee twice. We vacate the duplicate attorney appointment fee and remand to the trial court for recalculation of the judgment.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.

Judges ARROWOOD and GRIFFIN concur.